BRICKELL, Respondent, vs. TRECKER, Appellant.

*January 10—April 11, 1922.*

*Automobiles: Injuries to pedestrians: Negligence: Pedestrian and driver each failing to see the other: Liability.*

1. Pedestrians cannot heedlessly cross busy city streets, where automobiles and other traffic pass to and fro, without taking the least precaution to discover and avoid approaching vehicles.
2. A pedestrian struck while crossing a street by defendant's automobile, which she did not see until it was within five feet of her, cannot recover damages, since, if the defendant was negligent in not discovering plaintiff before she did, plaintiff was also guilty in not discovering defendant's automobile before it was so close to her.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Twelfth street in the city of Milwaukee runs north and south. Cedar street runs east and west. On the 30th day of

March, 1920, plaintiff was walking south on Twelfth street from the northwest corner of the intersection. While she was crossing Cedar street she was struck by defendant's electric automobile, which was running east on Cedar street, inflicting personal injuries. This action was brought to recover the damages sustained by her. The jury found that the defendant was negligent and the plaintiff was free from negligence, and the court rendered judgment in favor of the plaintiff. The defendant appealed.

For the appellant there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

For the respondent there was a brief by *Bottum, Hudnall, Lecher & McNamara* of Milwaukee, and oral argument by *Geo. B. Hudnall* and *Frank L. McNamara.*

The following opinion was filed February 7, 1922:

OWEN, J. The evidence shows that the destination of plaintiff was two blocks south and two blocks west from the intersection of Twelfth and Cedar streets. She had safely crossed Twelfth street from the northeast corner to the northwest corner of the intersection, and paused momentarily on the northwest corner to consider whether she should proceed south or west from that point. She concluded to proceed south, and started across Cedar street, going south on Twelfth street. She was walking along the line commonly known as the crossing, which would be the sidewalk along the west side of Twelfth street, produced. The distance from curb to curb was thirty feet. She was struck by the left-hand fender of defendant's electric car while she was between the center line of Cedar street and the south curb. The exact point is not definitely fixed, but the testimony of both parties indicates that it was not far from midway between such center line and the south curb. Plaintiff's testimony fixes it at about eight feet from the south curb, while the testimony of the defendant makes it five or

six feet south of the center line of Cedar street. The parties, therefore, agree within two feet of where the collision took place.

Plaintiff testified that before she started across the street she saw some automobiles; she knew there were some around there, but she thought she had plenty of time to go across; she did not see any automobiles near her, and that in traveling from the north curb of Cedar street to the place where she was struck, no automobiles passed in front of her going either east or west on Cedar street. The plaintiff makes no claim that at any time she looked to the west to ascertain whether automobiles or other vehicles were approaching the intersection from that direction. Her testimony is that she looked south, in the direction in which she was going. She was asked this question: "Can you give us an idea how far this car was away from you when you first saw it there? Answer, No; when I looked up it seemed as though it was right on me; it was the first that I saw of it." The testimony of the plaintiff is to the effect that the car was about four or five feet from her when she discovered it. The defendant testified that she discovered the presence of the plaintiff when she (plaintiff) was four or five feet from the car, so that they discovered each other at about the same time.

Upon this state of facts the jury found the defendant negligent and exonerated the plaintiff from contributory negligence. It will be observed that the plaintiff had as good an opportunity to discover the defendant's car approaching from the west as the defendant had to discover the presence of the plaintiff upon the crosswalk. According to plaintiff's testimony, no automobile passed in front of her to obstruct her view to the west, from which direction defendant's car was approaching. She testified that her sight was good, and it is a physical certainty that if she had but glanced in the direction from which she was required to anticipate approaching traffic, after having passed the center of the street, she would have observed defendant's car in time to have

avoided the accident.    Pedestrians cannot heedlessly cross
busy city streets where automobiles and other traffic pass
to and fro, without taking the least precaution to discover
and avoid approaching vehicles.    To grant such immunity to
pedestrians is inconsistent with the existence of equal rights
and privileges and mutual duties and responsibilities which
under the law belong and attach to contemporary users of
the streets.    There is no reason for the conclusion that the
defendant was under the responsibility of discovering plaint-
iff's presence upon the crosswalk and that plaintiff was under
no duty to ascertain the presence of defendant's car.    Speak-
ing of a similar situation it was said in *Feyrer v. Durbrow,*
172 Wis. 71, 178 N. W. 306:

"The jury found that the boy was not negligent in not dis-
covering the automobile before he did, and as he was in just
as good a position to discover the automobile as the driver
thereof was to discover the boy, how can it be said that the
latter was negligent in failing to discover the boy before
he did?    According to the testimony of the boy the auto-
mobile was from two to seven feet away from him when
he discovered it.    According to the defendant the distance
was ten or fifteen feet.    The fact that the automobile was
brought to a stop within three or four feet from the place
where it struck the boy indicates that the driver must have
acted with promptness and that the car must have been
under good control.    In no view of the evidence can we
find any support for the verdict.    The same considerations
that acquit the plaintiff of negligence must also acquit the
defendant."

This observation is applicable to the situation presented by
this case.    The finding that the defendant was negligent and
that the plaintiff was free from negligence is arbitrary and
unjustified by any reasonable construction of the evidence.

In reaching this conclusion we assume the negligence of
the defendant.    The jury found that the defendant failed "to
exercise ordinary care in the management and control of the
automobile immediately prior to plaintiff's injury."    But in

what respect they found her negligent does not appear. The complaint charges that she was negligent in that she "failed to keep a proper lookout for pedestrians and that she was driving the said automobile at an excessive rate of speed under the circumstances, and that she did not have the said automobile under proper control, and that she failed to give a proper warning of her approach." It is not discoverable from the verdict in which one of the respects alleged the jury found the defendant negligent, or whether some thought she was negligent in one respect and some in another. This is a form of verdict that was condemned in *Matuschka v. Murphy*, 173 Wis. 484, 180 N. W. 821. However, the negligence of the defendant has no influence upon our conclusion. Upon any conceivable construction of the evidence, the plaintiff had ample and unobstructed opportunity to discover the defendant's car in time to have avoided the injury. She could have discovered the oncoming car as soon as the defendant could have discovered her. If the defendant was guilty of negligence in not discovering plaintiff before she did, the plaintiff was also guilty of negligence in not discovering the car of defendant before it was within five feet of her. From this conclusion we can see no escape.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on April 11, 1922.