HIRSCHBERG, by guardian *ad litem,* Appellant, vs. MILWAU-
    KEE ELECTRIC RAILWAY & LIGHT COMPANY, Re-
    spondent.

*November 13—December 5, 1922.*

*Street railways: Injuries to pedestrians: Contributory negligence:
        Crossing track in snow storm.*

> Plaintiff and her escort had alighted from a north-bound street
> car at 12:30 a. m. during a snow storm so severe that, accord-
> ing to plaintiff's testimony, the car, after proceeding on its
> way, became invisible at a distance of twenty feet. Shortly
> afterwards they started across the street, looked to the north
> for possible cars when seven feet from the south-bound
> track, and, continuing their course, were struck by a south-
> bound car, lighted in the usual manner, but the motorman of
> which was not keeping a proper lookout. *Held,* that the
> plaintiff was guilty of contributory negligence as a matter
> of law because if she had looked she must have seen the car
> approaching, or else she is mistaken as to the observation
> she made.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

On April 16, 1921, at about 12:30 a. m., the eighteen-
year-old plaintiff and her escort alighted from the front end
of defendant's northerly bound street car at the south-
east corner of Downer avenue and Webster place. The
former is fifty-nine feet four inches and the latter thirty
feet eight inches between curbs. An exceptionally severe
snow storm had been raging for some time and street traffic
was quite materially interrupted. A northeast wind reached
a velocity at times of about thirty-six miles an hour and the
storm was apparently at its height at the time of the
accident in question and the snow was then six or seven
inches deep. After alighting from the street car plaintiff
and her escort stepped back and onto the southeast curb.
The car then proceeded in its northerly direction on Downer
avenue and according to her testimony became invisible on

account of the drifting snow storm at a distance of about twenty feet. Other testimony places the distance at which such an object could be seen under the then conditions at fifty feet to half a block. They then proceeded directly across Downer avenue to the west and along the south crossing of Webster place. The plaintiff and her escort testified to having looked for an approaching car when leaving the east curb and again when about in the center of the first reached or north-bound track and that they saw none. It is uncontradicted that the car on the next or south-bound track was lighted in the usual manner and with headlight burning. Upon reaching the overhang of the south-bound track they were struck by or they ran into the front end of a south-bound car and were both knocked to the ground. They were picked up about four to five feet south of, and the car stopped with its rear end about eight feet beyond, the south crossing.

On the trial in the civil court of Milwaukee county the jury by special verdict found as follows:

(1) The street car at the time in question was not operated at an excessive rate of speed. (Upon such answer the second question was left unanswered.)

(3) The motorman failed to keep a proper lookout.

(4) Such failure was the proximate cause of the collision.

(5) The plaintiff in the exercise of ordinary care ought not to have seen the street car in time to have avoided the collision.

(6) No want of ordinary care on her part proximately contributed to her injuries.

(7) Damages were assessed at $800.

On motions after such verdict the civil court ordered a new trial on the ground that the answer by the jury to the fifth question was inconsistent with its answer to the first. From that order the defendant appealed to the circuit court and the plaintiff took a cross-appeal because of the denial of plaintiff's motion for judgment on the verdict.

The circuit court upon reviewing the evidence held that

Hirschberg v. Milwaukee E. R. & L. Co. 179 Wis. 175.

there was contributory negligence on the part of plaintiff and for that reason judgment must be ordered for the defendant. From the judgment for defendant plaintiff has appealed.

*Michael Levin* of Milwaukee, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *W. T. Sullivan,* all of Milwaukee.

ESCHWEILER, J. We think the circuit court was clearly right in holding that the record discloses such contributory negligence by the plaintiff as must, as a matter of law, prevent her recovery against the defendant notwithstanding the jury's finding that there was a want of proper lookout by the motorman. The plaintiff and her escort were crossing the street with full knowledge of the unusually limited space within which such a large object as an approaching street car could be expected to be seen, from having just seen the north-bound car passing on out of sight. Clearly such a situation placed the duty upon the plaintiff, in the proper regard for her own safety, to exercise a reasonable degree of care and caution in entering upon the known zone of danger, and proportioned, to some extent at least, to the then known existing conditions.

From the center of the north-bound track, the point at which according to her testimony she last looked to the north for an approaching car, to the zone of the overhang of the approaching car was not in excess of seven feet. Such a large object as an approaching street car must have been within her vision if she looked, and to proceed further was plainly negligence, or else she is mistaken in her testimony as to her observation. Whichever view in that regard is adopted it is evident that she did not properly discharge her duty and obligation as to her own safety.

The disposition of this case by the circuit court therefore must be approved.

*By the Court.*—Judgment affirmed.