Syslack v. Nevin Grocery Co. 180 Wis. 267.

---

SYSLACK, Respondent, vs. NEVIN GROCERY COMPANY, Appellant.

*March 7—April 3, 1923.*

*Automobiles: Negligence: Injuries to pedestrian: Passing street car receiving or discharging passengers: Stopping places other than at street crossings or intersections: Instructions: Questions for jury.*

1. Sec. 1636—49, Stats. 1921, requiring drivers of motor vehicles to stop when passing street cars traveling in the same direction which are actually taking on or· discharging passengers at street crossings or intersections, though intended to prevent accidents at stopping places of street cars, must be construed, in harmony with the clear intention of the legislature as expressed by the language used, to apply only to the usual stopping places at street. crossings or intersections, the latter term being used to designate the junction of two streets, one of which runs into but does not extend beyond the other.

2. In an action for personal injuries received by plaintiff by being struck by an automobile while about to board a street car at a usual stopping place not at a street crossing or intersection, an instruction that the driver of an automobile must bring his

car to a stop before passing a street car which is actually receiving or discharging passengers is erroneous and prejudicial.

3. The negligence of the driver of the automobile under such circumstances is a question for the jury under said sec. 1636—49, which provides that no person shall operate an automobile recklessly or at a speed greater than is reasonable and proper having regard to the width, traffic, and use of the highways, general and usual rules of the road, or so as to endanger the property, life, or limb of any person.

4. Plaintiff was entitled to assume that the driver of the automobile would have his car under proper control and would operate it at such speed as was reasonable and proper having regard to the condition of the traffic; and since the evidence disclosed that plaintiff did not see the car and the driver did not see plaintiff immediately before the collision, the darkness of the night, the lighted condition of the street car, and the dimness of the light on the automobile are factors in determining whether plaintiff was guilty of contributory negligence and make it a jury issue.

APPEAL from a judgment of the municipal court of Racine county: E. R. BURGESS, Judge. *Reversed.*

Personal injury. The appeal is from a judgment in favor of the plaintiff and against the defendant.

For the appellant there was a brief by *Whaley & Erikson* of Racine, and oral argument by *C. A. Erikson* and *Vilas H. Whaley.*

For the respondent there was a brief by *Thompson, Myers & Kearney,* and oral argument by *Thomas M. Kearney, Jr.,* all of Racine.

DOERFLER, J. At about 6:30 o'clock in the evening on November 28, 1921, the plaintiff, while passing from the east curb of West boulevard, a north-and-south street in the city of Racine, at a point some 200 feet north of Twelfth street, to board a car running north on such boulevard which had either stopped or was about to stop opposite the depot of the Chicago & Milwaukee Electric Railway Company located west of said boulevard, was struck by the defendant's Ford truck traveling along the east side of said car,

causing the plaintiff to sustain personal injury. There is a usual stopping sign near the east curb, where the car finally stopped, and at such stopping place it was customary for the street car company to receive and discharge passengers.

Plaintiff testified that he stood at the curb opposite the stopping place for some time for the purpose of boarding the car, and that a short distance south from where he stood other prospective passengers were also waiting for a similar purpose. Plaintiff also testified that, when he left the curb to board the car, the car had about come to a stop, and that he looked toward the south and did not discover the approaching automobile, which was traveling parallel to the car and between the track and the east curb at the rate of about eight miles per hour. According to the plaintiff's testimony the street car had come to a full stop before the collision took place, while in accordance with the defendant's testimony the car at the time of the collision had not yet come to a stop. The record also shows that after the plaintiff had proceeded half way across that portion of the street lying between the east curb and the east rail of the single-track line he was struck by the defendant's automobile, causing him to be dragged a short distance and to sustain rather severe personal injuries; that the night was dark, and that at the time of the collision the auto had a weak, dim headlight; that the usual lights on the street car were burning; and that neither the driver of the defendant's car nor his companion saw the plaintiff until immediately preceding the collision.

The jury, in answer to the questions of the special verdict, among other things found the operator of the automobile guilty of negligence, and that such negligence was the proximate cause of the injury, and that the plaintiff was not guilty of any negligence which proximately contributed to the injury.

The case was tried by the court upon the theory that the provisions of sec. 1636—49 of the Statutes contemplate that

the place where the car stopped constituted a crossing, which required the operator of an automobile to stop his car while the street car was in the act of receiving or discharging passengers, and this attitude of the court defendant's counsel assigns as error.

It is contended on behalf of the defendant that the statute referred to·is applicable only to a stopping place of a street car where passengers are received or discharged at a point where there is an actual crossing of two streets, or where one street runs into another street, not crossing the same but intersecting it. On the other hand, it is contended by plaintiff's counsel that the statute in question must be so construed as to include any usual and customary place where a street car stops for the purpose of receiving and discharging passengers.

The portion of the statute referred to reads as follows:

"The operator or driver of any vehicle, when any street car proceeding in the same direction is actually taking on or discharging passengers at the crossings or intersections of any public streets or highways, shall stop such automobile . . . until such passengers shall have been taken on or discharged from such car."

It would appear that the portion of the statute quoted is a deviation from and in derogation of the common-law rule of which the other portion of the same statute hereinafter quoted is declaratory.

The precise question involved has never before been presented to this court, and there is no satisfactory authority upon the subject, as far as we have been able to find, in other jurisdictions. The case of *Michalsky v. Putney*, 51 Pa. Super. Ct. 163, is in many respects similar to the instant case, and although the court in that case held that the stopping place was the equivalent of a street crossing, used and recognized as such by the public, and that the street car company made that location a place for the receipt and discharge of passengers, yet in its decision the court did not lay down

Syslack v. Nevin Grocery Co. 180 Wis. 267.

the rule arbitrarily requiring an automobile to stop in such a situation, but held that the same should have been under proper control to have avoided the accident.

It does not appear from the opinion in the case cited whether the state of Pennsylvania had passed a statute like the provision of sec. 1636—49 above referred to. While the main object of the legislature in enacting the statute referred to undoubtedly was the prevention of accidents at stopping places of street cars while such cars are in the act of receiving or discharging passengers, the statute must be given a meaning in harmony with the clear intention as expressed in the language used. If the legislature had intended the statute, which is in derogation of the common law, to apply to a situation like the one presented here, such intention could have been clearly made manifest by apt language. It is quite generally known that in all cities in the state where street cars are operated the usual and ordinary stopping places are confined to such places where one street or highway crosses or intersects another street or highway. All other stopping places are deemed exceptions to the general rule.

In *Eichman v. Buchheit*, 128 Wis. 385, 107 N. W. 325, an ordinance regulating the use of automobiles upon the streets of the city and limiting the speed to six miles per hour between crossings and four miles per hour at crossings was construed to refer to street crossings. The term "intersections" evidently was used to distinguish it from the term "crossings," and can have no other meaning than a street running into another street but not extending beyond it, for such extension would clearly constitute the same a crossing instead of an intersection. We can also readily assume that it was thought by the legislature that a different and more dangerous situation is created at a stopping place where streets cross each other or intersect than at other stopping places, even where such other stopping places are used for receiving or discharging passengers.

The trial court instructed the jury as follows: "It is the law in Wisconsin that the driver of an automobile must bring his car to a stop before passing a street car which is actually receiving or discharging passengers." Error is assigned on account of such instruction. It will thus be seen that the trial court took the view that in the instant case the place where the accident happened actually constituted a street crossing as defined by sec. 1636—49, and conveyed the impression to the jury that in any event it was the duty of the operator of the automobile to stop his car. From what has been said, such instruction must be deemed by this court not only error but prejudicial.

The provision of sec. 1636—49 which is applicable to the instant case reads as follows:

"No person shall operate or drive any automobile . . . recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person."

Under the portion of the statute last above referred to, the question of the defendant's negligence was clearly for the jury.

While our holding as above indicated must necessarily work a reversal of the judgment and result in a new trial, nevertheless we will consider another feature of the case relied upon by defendant's counsel, which involves the alleged contributory negligence of the plaintiff. Defendant's counsel contend that the plaintiff, under the facts in the case, must be held guilty of contributory negligence as a matter of law under the holdings of this court in *Brickell v. Trecker*, 176 Wis. 557, 186 N. W. 593; *Feyrer v. Durbrow*, 172 Wis. 71, 178 N. W. 306; *Hirschberg v. Milwaukee E. R. & L. Co.* 179 Wis. 175, 190 N. W. 829; *Kammas v. Karras*, 179 Wis. 12, 190 N. W. 849; *Twist v. M., St. P. & S. S. M. R. Co.* 178 Wis. 513, 190 N. W. 449. These cases are readily distinguishable from the instant case. All of the

cases referred to with the exception of the *Twist Case* involved the alleged negligence of a pedestrian in passing over a street crossing or in crossing a street in front of an approaching vehicle. It was held in such cases that the duty to see and observe, as between a pedestrian and the operator of a vehicle, is mutual. In the instant case the plaintiff could assume that the driver of the automobile would have his car under proper control and that the same would be operated at such a rate of speed as may be considered reasonable and proper, having regard to the width, traffic, and use of the highway, etc.; in other words, that he would exercise the degree of care requisite to avoid a collision, in view of the peculiar situation presented; and in determining whether plaintiff was negligent or not under the circumstances, it might also be assumed that plaintiff's mind was to some degree absorbed in an effort to arrive at the car in time to obtain passage. Inasmuch as it is also disclosed by the evidence that the plaintiff did not see the driver and that the driver did not see the plaintiff immediately preceding the collision, the darkness of the night, and the lighted condition of the street car, together with the dimness of the light on the automobile, are factors involved in determining whether the plaintiff was guilty of a want of ordinary care which proximately contributed to the injury. Such facts present a proper issue on the question of plaintiff's negligence under the following decisions: *Zimmermann v. Mednikoff,* 165 Wis. 333, 336, 162 N. W. 349; *Klokow v. Harbaugh,* 166 Wis. 262, 264, 164 N. W. 999; and *Ouellette v. Superior M. & M. Works,* 157 Wis. 531, 534, 147 N. W. 1014.

We therefore hold that the judgment of the trial court must be reversed.

*By the Court.*—Judgment reversed, with costs in favor of the defendant, and a new trial is granted, and the cause is remanded to the lower court for further proceedings according to law.