KUEBLER, Administrator, Appellant, vs. KLUG, Respondent.

*October 12—November 9, 1926.*

*Automobiles: Collision with pedestrian in highway: Contributory negligence: Pedestrian crossing highway to avoid automobile: Question for jury.*

1. If under any reasonable view of the evidence it can be said that there is a rational basis for conflicting and opposite views of reasonable minds, the question of contributory negligence is for the jury. p. 260.
2. In an action to recover for wrongful death, it is *held* that the evidence of the plaintiff that deceased had made manifest his intention timely to avoid an oncoming automobile by crossing the road, and that the automobile was proceeding at the rate of forty miles an hour, raises a jury question as to the contributory negligence of deceased. p. 262.

APPEAL from a judgment of the circuit court for Milwaukee county: CHARLES L. AARONS, Circuit Judge. *Reversed.*

The appeal is from a judgment entered upon an order of the court after the close of the testimony directing a verdict in defendant's favor.

For the appellant there were briefs by. *Walter F. Mayer* and *Jesse A. Krueger,* both of Milwaukee, and oral argument by *Mr. Mayer.*

For the respondent there was a brief by *Hayes, Darnieder & Hayes,* attorneys, and *W. A. Hayes,* of counsel, all of Milwaukee, and oral argument by *W. A. Hayes.*

DOERFLER, J. The action was brought by the administrator of the estate of William Kuebler, deceased, both for the purpose of recovering damages for the widow under the statute and for the benefit of the estate. The order directing the verdict as aforesaid was based upon the conclusion of the court that the deceased was guilty of contributory negligence as a matter of law.

If under any reasonable view of the evidence it can be said that there is a rational basis for conflicting and opposite views of reasonable minds upon the subject of the contributory negligence of the deceased, then a jury issue was raised and the court was in error in holding that the deceased was guilty of contributory negligence as a matter of law. The question presented is not entirely free from doubt, and we will therefore review in the main the vital and important facts disclosed from the evidence of the principal witnesses to the accident.

At about 7:20 o'clock in the 'morning of September 17, 1924, the deceased, a laborer, on his way to his place of employment, while walking west on the Burleigh road at a point outside of the limits of an incorporated city or village, was struck by the defendant's automobile while it

was traveling east on said road.  The Burleigh road is
an east-and-west highway, with a concrete surface about
twenty-four feet in width, and the accident happened a dis-
tance of about 100 feet west of its intersection with the
South Fond du Lac road, a highway running generally
northwesterly and southeasterly.  The defendant testified
that he first saw the deceased when the latter was about
250 feet distant from him, and that he was then driving
his car south of the center line of Burleigh street, about
two feet from the south edge of the concrete, at the rate
of between twenty and twenty-two miles per hour, and that
the deceased at that time was walking west on the south
side of the road, but that he did not know whether he was
on the gravel directly south of the concrete, or on the con-
crete; that when the machine arrived at a point about thirty
feet distant from the deceased, who was then five feet north
of the south edge of the concrete, the latter proceeded
to cross to the north side of the road; that the defendant
then turned his car in a northeasterly direction and applied
his foot-brakes, which he claims were in good condition,
as hard as he could, but that he collided with the deceased
with the front part of the machine when the latter had
arrived at a point about two feet south of the center line
of the concrete.  After the collision, according to the testi-
mony of the defendant, the machine continued in a north-
easterly direction for a distance of about fifteen feet, when
it was brought to a complete stop.

Miss Ritz, the principal witness for the plaintiff, a high
school girl of the age of eighteen years, testified that she
was walking east on the south side of the concrete when
she was about 100 feet distant from the point of the col-
lision.  She observed the defendant's car passing at that
point at the rate of about forty miles per hour, and she
testified that she was able to judge the speed of a car as it
is operated along the highway; that she observed the point

where the accident occurred and that it was two feet north of the black center line in the highway; that as defendant's car passed her he was driving in about the center of the road, and that she did not see the defendant's car turn to the north until after the collision; that when she first saw the deceased he was within two feet of the south edge of the concrete.

Under the evidence as thus detailed the jury could conclude that from the time that Miss Ritz saw the deceased walking west within two feet of the south edge of the concrete he had proceeded towards the north a distance of an additional three feet when the defendant arrived at a point thirty feet distant from him. So that prior to the time when the defendant turned his car northeasterly the deceased had made manifest his intention to avoid the machine by crossing to the north. If Miss Ritz's testimony is to be believed (and there is absolutely nothing incredible in regard to the same), then the deceased prior to the collision had passed to the north a distance of fourteen feet from the south edge of the concrete, and had arrived on the side of the road which vehicles traveling toward the west usually occupy.

In determining whether or not the deceased was guilty of contributory negligence, we can also take into consideration the rate of speed at which the defendant's car was operated according to the testimony of Miss Ritz.

Under this evidence it was for the jury to say whether or not the deceased was guilty of contributory negligence. Whether he was struck two feet south of the black center line, or two feet north, or at a place between these two points, it is manifest that a determined effort was made by him to escape the automobile by passing towards the north. It is true that the deceased could more readily have escaped the collision had he proceeded to the gravel portion of the highway lying south of the south edge of the

concrete. However, the evidence discloses that his objective was to reach the automobile of one Zimmerman, which had come to a stop on the north side of the highway for the purpose of conveying him to his place of work. Whether the deceased, therefore, made manifest his intention timely to cross the highway to the north, and whether he proceeded with proper speed, are subjects upon which, in our view of the case, reasonable minds might come to opposite conclusions; and if we are right in this view, a clear jury issue on the subject of contributory negligence was raised, and the case should have been submitted to the jury for its determination.

From the testimony heretofore referred to, we need spend no time upon the question of the alleged negligence of the defendant. That clearly presented a jury issue. The judgment must therefore be reversed.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded for a new trial.