SALO, Respondent, vs. DORAU, Appellant.

*.December 9, 1926—January 11, 1927.*

*Automobiles: Law of the road: Negligence: Trial: Special verdict: Separate submission of grounds of negligence: Damages: Testimony based on subjective symptoms only: Sufficiency.*

1. Where distinct grounds of negligence are alleged in the complaint in an action to recover for personal injury sustained in a collision between automobiles, and the defendant seasonably requested a separate submission of the issues to the jury, it is error to submit a general question covering the defendant's negligence. p. 621.

2. If the evidence establishes but one ground of negligence, it is not error, however, to submit a general question, regardless of the various specific grounds put in issue by the pleadings. p. 622.

3. Evidence consisting of testimony based on subjective symptoms only, and unsupported by expert testimony as to the extent of the injury, which was of such a trivial nature as to preclude an inference that the alleged pain and a limitation of the power of motion could ensue as a natural consequence, is *held* not to sustain a verdict for $500. p. 623.

APPEAL from a judgment in plaintiff's favor of the superior court of Douglas county: ARCHIBALD McKAY, Judge. *Reversed.*

The action was brought to recover damages for personal injuries. On the 5th day of July, 1925, the plaintiff was driving south on Tower avenue, in the city of Superior, in

the vicinity of Fifty-seventh street, an east-and-west high-way. For several blocks before arriving at the intersection of these two streets defendant followed plaintiff's car and maintained a distance therefrom of between twenty-five and thirty-five feet. A number of other cars followed in the rear of the defendant's car, each maintaining substantially a similar distance from the car immediately preceding it. While driving south as aforesaid, both the plaintiff's car and the defendant's car were operated at the rate of about fifteen miles per hour, with the exception that, just before the collision herein complained of occurred, plaintiff slightly accelerated his speed. The extent of such acceleration is not shown by the evidence. Preceding the plaintiff's car a street car was operated south on Tower avenue, and immediately before it reached the south line of the intersection, which is the usual stopping place for street cars at that point, it became evident to the plaintiff that the street car would stop for the purpose of receiving and discharging passengers. When the plaintiff observed that the street car was about to stop, and while he was a distance of about twelve feet in the rear thereof, he applied his brakes and stopped suddenly. It also appears that at the time of the collision there was in force an ordinance in the city of Superior requiring vehicles operated in the same direction as a street car to stop a distance of at least ten feet in the rear thereof while such street car is stopped for the purpose of taking on or discharging passengers. Such ordinance, it appears, is substantially like sub. (2) of sec. 85.08 of the Statutes.

No substantial conflict appears in the evidence as to the facts heretofore detailed. The testimony of the plaintiff, however, is to the effect that when he came to a stop with his car, the defendant, approaching him from the rear, collided with his car with such force and violence as to push the same forward a distance of about twelve feet against the curb at the northeast corner of the intersection; that his car

rebounded, forcing his chest against the steering wheel and causing the injuries herein complained of. Plaintiff also testified that the left fender of his car was smashed and that the gas tank was dented. Defendant and his witnesses admitted the collision, but they testified that the impact was very slight and that it did not result in a damage to the plaintiff's car, and they expressly denied that plaintiff's car was moved as aforesaid, but, on the contrary, maintained that the impact did not move plaintiff's car at all.

The case was submitted to the jury on a special verdict, and by the answers it was found: (1) that the automobiles of the parties collided on the 5th day of July, 1925, at or about the intersection of North Fifty-seventh street and Tower avenue, in the city of Superior; (2) that the plaintiff sustained injuries by reason of such collision; (3) that the defendant failed to exercise ordinary care in the operation of his automobile at and immediately prior to the collision; (4) that such failure on the part of the defendant was the proximate cause of the plaintiff's injury; (5) that there was no want of ordinary care on the part of the plaintiff which proximately contributed to cause his injury; and (6) that the sum of $500 will fairly compensate the plaintiff for the personal injuries sustained by him.

Further facts will be referred to in the opinion.

The cause was submitted for the appellant on the brief of *Richmond, Jackman, Wilkie & Toebaas* of Madison and *Philip Snodgrass* of Monroe, and for the respondent on that of *Cadigan & Cadigan* of Superior.

DOERFLER, J. Three grounds of negligence were alleged in the complaint: (1) excessive speed; (2) lack of proper control; and (3) failure to maintain a proper lookout. Under the evidence a proper jury issue was raised upon each of these grounds. This being so, under the repeated decisions

of this court, where a proper request for such separate submission is duly made, it became the duty of the court to comply therewith. *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865; *Matuschka v. Murphy,* 173 Wis. 484, 180 N. W. 821; *Brickell v. Trecker,* 176 Wis. 557, 186 N. W. 593.

The questions requested by defendant's counsel and refused by the court are the following:

"(1) Just prior to the accident in question did defendant, *A. C. Dorau,* fail to exercise ordinary care in respect to the speed at which he was driving his car?

"(2) Just prior to the accident in question did defendant, *A. C. Dorau,* fail to exercise ordinary care in respect to keeping a reasonable lookout for plaintiff's car?

"(3) Just prior to the accident in question did the defendant, *A. C. Dorau,* fail to exercise ordinary care in respect to keeping his car under proper control?"

In the *Rowley Case, supra,* this court said:

"This court has several times held that where specific acts of negligence are charged by the complaint, denied by the answer, and litigated on the trial, a special verdict should contain specific questions covering these alleged acts, and that the submission of a general question simply asking whether the defendant was guilty of want of ordinary care which proximately caused the plaintiff's injury is not a compliance with the special-verdict statute and will be error, at least where the proper specific questions are requested." (Citing a number of Wisconsin cases.) The other cases above referred to hold likewise.

In *Brickell v. Trecker, supra,* where a similar situation was presented, the court said:

"It is not discoverable from the verdict in which one of the respects alleged the jury found the defendant negligent, or whether some thought she was negligent in one respect and some in another. This is a form of verdict that was condemned in *Matuschka v. Murphy,* 173 Wis. 484. 180 N. W. 821."

While the speed of defendant's car was not negligent in the sense that it was operated in excess of fifteen miles per hour, nevertheless from the undisputed facts in the case the jury could readily infer that the speed maintained violated that provision of sub. (2) of sec. 85.08 of the Statutes which provides that:

"No person shall operate a motor vehicle recklessly or at a rate of speed greater than is reasonable and proper with regard to the width, traffic and use of the highways and the rules of the road, or so as to endanger the property, life or limb of any person. . . ."

Under the undisputed evidence, the defendant's car for a number of blocks prior to the accident maintained a distance of between twenty-five and thirty-five feet in the rear of plaintiff's car. Traveling at the rate of fifteen miles per hour, it was for the jury to determine whether the defendant maintained a proper lookout. This issue, like that of excessive speed, was peculiarly for the jury.

What has been said on the subject of proper lookout is equally applicable to the issue as to whether the defendant maintained a reasonable control of his car immediately prior to the collision.

No useful purpose will be served in further commenting upon the error of the court in failing to submit defendant's requested questions in the special verdict, the grounds for holding such refusal as error fully appearing in the cases above referred to and in numerous other Wisconsin cases not cited. Regardless of the various grounds of negligence alleged in the complaint and denied by the answer, if the evidence established but one ground of negligence no error would have been committed in submitting the special verdict in the form prepared by the court; but the evidence did not disclose such a situation, but, on the contrary, raised three distinct and separate issues.

A careful review of the evidence in this case is convincing that the damages found by the jury are not supported by the evidence. None of the occupants of plaintiff's car testified that they observed plaintiff's chest coming in contact with the steering wheel or that he complained of suffering pain at that time. Plaintiff testified that not only did the injury cause severe pain, but that it also resulted in a limitation of his power of motion, and yet after the injury he drove his car from Superior to his home, a distance of many miles. The only evidence of pain and limitation of motion is founded upon subjective symptoms, but the attending physicians who took an X-ray of his chest could find no evidence of any internal injury or bone fracture, and while the plaintiff in his complaint alleged a fracture of several ribs, no evidence was adduced to support this allegation, and upon the trial the same was withdrawn. The physicians who attended him immediately after the collision and who treated him for some time thereafter found no manifestations of physical injury which could reasonably account for either the alleged pain or the alleged limitation of the power of motion, and they testified that in their opinion, based upon their examination, no disability on the plaintiff's part existed which prevented him from resuming his regular employment. The injury itself was of such a trivial nature as to nigh preclude a logical inference either on the part of the jury or of experts that the alleged protracted pain or the alleged limitation of the power of motion could ensue as a natural consequence.

Under the circumstances the testimony based on merely subjective symptoms has but little probative force. At any rate we are convinced that the damages awarded under this state of the evidence are out of all proportion to what can be considered a natural and logical consequence of the injury sustained. It may well be that upon a retrial of the

cause, either the alleged pain or the alleged disability, or both, may be supported by expert opinion evidence, in which event it is not improbable that a verdict in the sum returned herein, or even greater, will have to be sustained. The record, however, as we find it is unconvincing and highly unsatisfactory and does not support damages as found by the jury.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded for a new trial.