KARSHIAN, Administrator, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*February 8—March 8, 1927.*

*Street railways: Injuries to person about to board car: Negligence: Instructions: Rights of person about to cross tracks: Harmless error: General erroneous instruction cured by specific and proper one: What constitutes judgment of court: Oral pronouncement from bench.*

1. Where there was ample testimony to support a finding of the jury that the motorman on a street car was negligent and that his negligence was the proximate cause of plaintiff's injury, the finding cannot be disturbed on appeal. p. 271.
2. In an action for the death of a prospective passenger struck by a street car, the evidence is *held* sufficient to support a finding of contributory negligence on the part of the deceased. p. 271.
3. In determining whether prejudicial error was committed by the court in its instructions, the charge must be considered as a whole. p. 273.
4. Error in a general instruction that a pedestrian must give the right of way to a street car is not prejudicial where it was followed by a correct instruction on the specific facts of the case and the evidence amply supported the jury's finding that deceased was guilty of contributory negligence. p. 273.
5. The oral pronouncement of a judgment from the bench is the judgment of the court. p. 274.
6. Where the court, believing there was an error in the oral pronouncement of the judgment as noted in the clerk's minutes, later signed a correct order for judgment within the term at which the action was tried, the latter must be taken to set running the sixty days within which the prevailing party must tax his costs under sec. 270.66, Stats. p. 275.

APPEAL from a judgment of the municipal court of Racine county: E. R. BURGESS, Judge. *Affirmed.*

The plaintiff, administrator of the estate of Beatrice Karshian, brings this action to recover damages for the reason that the defendant, as is alleged in the complaint, caused the death of Beatrice Karshian, his wife, by and through its negligence.

Huron street, a north-and-south street in the city of Racine, is intersected by State street approximately at right angles, and the latter has located thereon a double-track street railway.    On or about the 13th day of December, 1925, at or about 9:30 o'clock p. m., Beatrice Karshian and a number of her friends were standing on the northwest corner of the intersection of said streets awaiting an eastbound car of the defendant which they intended to board as passengers.    When the car came into view at a distance of over one block, Mrs. Kargenian, a young woman twenty-three years of age and a member of said party, proceeded from the northwest corner of said crossing to the southeast corner thereof, where she assumed a position upon State street usually occupied by passengers intending to board the street car.    She raised her hand in ample time to signal the motorman of the car, and continued to hold her hand in such position until the happening of the accident hereinafter referred to.

When Mrs. Kargenian had crossed the street and occupied the position aforesaid, Mrs. Karshian, leading a small child with her left hand, next attempted to cross, and before she arrived at the east-bound track she also raised her hand as a signal for the motorman to stop.    The other members of the party followed in the rear of Mrs. Karshian.

It is undisputed that the car slowed down somewhat a short distance before arriving at the intersection.    At the instant that Mrs. Karshian attempted to cross the north rail of the east-bound track she was struck by the car, and so severely injured that as the result thereof she died about an hour thereafter.

Plaintiff in his complaint charged the defendant with negligence on the ground, among other things, that the motorman did not prior to the accident maintain a proper lookout.    The case was submitted to the jury on a special verdict, in which it found: (1) That the motorman on de-

fendant's car failed to exercise ordinary care in handling and running the car at the time and immediately before the deceased was injured; (2) that such negligence was the proximate cause of the injury; (3) that a want of ordinary care on the part of the deceased proximately contributed to cause her injuries and death.

The usual motions after verdict having been made and heard, the court ordered judgment upon the verdict as so rendered, in favor of the defendant, and upon the entry of judgment the plaintiff prosecuted this appeal.

For the appellant there was a brief by *Whaley, Erikson & Paulsen* of Racine, and oral argument by *Vilas H. Whaley* and *Martin R. Paulsen.*

For the respondent there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *Charles F. Wratten* and *John B. Simmons.*

DOERFLER, J.　The jury in the special verdict having found that the motorman operating defendant's car was guilty of a want of ordinary care at and immediately prior to the happening of the injury, and that the failure to so exercise ordinary care was the proximate cause of the injury, and there being ample testimony to support such findings, the same cannot be disturbed.

We will not decide herein the question raised by the defendant whether the deceased was guilty of contributory negligence as a matter of law.　Assuming, however, that the question is one for the jury, we are firmly convinced that there was ample evidence to support the jury's finding of contributory negligence on the part of the deceased, and that the judgment must be affirmed unless prejudicial error was committed in an instruction given by the court.

The instruction assigned as error reads as follows:

"You are instructed that the exercise of ordinary care by one about to cross a street railway track requires him to look and listen for approaching cars, and he is bound to see

and hear such approaching cars if by reasonable attention he can do so. *Such traveler, upon observing an approaching car, must yield the right of way to the street car and must in the exercise of due care keep from the tracks so as to prevent a collision.*"

It is not the law that a pedestrian under all circumstances, upon observing an approaching car, must yield the right of way to the street car and must in the exercise of due care keep from the tracks so as to prevent a collision. If this were the law, it would be difficult to perceive what rights a pedestrian would have to cross a street-car track in the event that the approach of a street car became observable to him. In the case of *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823, this court said:

"A person desiring to cross a street-car track in advance of an approaching car has the right of way if, calculating reasonably from the standpoint of a person of ordinary care and intelligence so circumstanced, he has sufficient time, proceeding reasonably, to clear the track without interfering with the movement of the car to and past the point of crossing, assuming that it is moving at a reasonable and lawful rate of speed."

This doctrine has been steadfastly adhered to in the decisions of this court subsequent to the *Tesch Case.* Further, it is extremely doubtful whether this instruction is applicable to the situation as presented by the evidence in the instant case.

Immediately succeeding the alleged erroneous instruction above set forth, the court gave the following instruction at the request of plaintiff's counsel:

"You are further instructed that if a proper signal was given to the motorman to stop the street car at the usual stopping place, and such fact was known to Beatrice Karshian, then she had a right to assume that such street car would be brought to a stop so that she and her friends could board the car; and her right to so assume continued until such time as it became apparent to her, or would have become apparent to an ordinarily prudent person similarly

situated, that defendant's motorman would not bring the car to a stop at the usual place."

The instruction complained of is general and it purports to lay down a general rule of law for the guidance of the jury. In determining the question whether prejudicial error was committed by the court in its instructions, the charge must be considered as a whole. The general instruction was followed by a specific instruction, and the latter specifically referred to the facts and circumstances as they were developed in the course of the trial in the evidence. Defendant's requested instruction, given by the court, which followed the court's general instruction, was as favorable to the plaintiff as the law applicable warranted. Whether or not that portion of the instruction complained of constituted prejudicial error depends largely upon the facts and circumstances of the case. If the deceased was not guilty of contributory negligence as a matter of law, the least that can be said is that it is dangerously close to the border line. As we view the situation, assuming that the issue of contributory negligence constituted a jury issue, the evidence in support of the jury's finding is so strong as to impel the conclusion that the instruction complained of did not constitute prejudicial error in this case.

The verdict of the jury was rendered on the 2d day of July, 1926. Upon the argument of the motions after verdict, on the 17th day of July, the clerk, pursuant to directions of the court, made the following entry upon his minutes: "The Court: The motion of the defendant for judgment notwithstanding the verdict is granted." Costs were taxed by the clerk, pursuant to notice, on the 22d day of September, 1926, more than sixty days after the making of the foregoing entry. Plaintiff's counsel contend that under the provisions of sec. 270.66 of the Statutes the taxation was not in time, and that the oral judgment as above set forth and as revealed by the clerk's minutes constituted the judgment of the court.

On August 20, 1926, the court filed the following written decision on motions after verdict:

"The court having . . . indicated that the court was convinced that there was a want of ordinary care on the part of the deceased . . . which proximately contributed to the injuries sustained, and the court having further indicated that the defendant's motion for judgment dismissing the complaint notwithstanding the verdict, would be granted.

"After further consideration in said matter, the court is of the opinion that the motion of the defendant for judgment notwithstanding the verdict is not a proper motion under the circumstances. The court is of the opinion that there was a want of ordinary care on the part of the deceased . . . which proximately contributed to the injuries which she sustained, and is of the opinion that the answer of the jury to the question of contributory negligence was correct.

"Therefore the court decides and determines that the motions of the plaintiff after verdict must be denied."

Thereupon, on the 25th day of August, 1926, and during the term of court in which the action was tried, a formal order for judgment was signed by the court, directing judgment in favor of the defendant dismissing plaintiff's complaint with costs.

If the entry upon the clerk's minutes entered on the 17th day of July, 1926, constituted a judgment, the costs were not taxed within the sixty-day period provided for by the statutes. The statutory period, however, had not elapsed when the formal order for judgment was entered. This court has repeatedly held that the oral pronouncement of a judgment from the bench is the judgment of the court. See the following cases, cited in plaintiff's brief: *Kausch v. C. & M. E. R. Co.* 176 Wis. 21, 186 N. W. 257; *Wehr v. Gimbel Brothers,* 161 Wis. 485, 154 N. W. 972; *Wallis v. First Nat. Bank,* 155 Wis. 533, 145 N. W. 195; *German American Bank v. Powell,* 121 Wis. 575, 99 N. W. 222; *Allen v. Voje,* 114 Wis. 1, 89 N. W. 924; *Baker v. Baker,* 51 Wis. 538, 8 N. W. 289.

The written opinion above quoted clearly indicates that the court considered that it had made a mistake with respect to the oral pronouncement entered upon the clerk's minutes, and therefore, on the 25th day of August, 1926, and within the term during which the action was tried, signed a formal order for judgment. During the term the court had ample power to correct its records, and this was done. Under these circumstances, we conclude that the formal order for judgment entered upon the 25th day of August, 1926, must govern, under the rule laid down in *Banaszek v. F. Mayer B. & S. Co.* 161 Wis. 404, 154 N. W. 637, and that the costs were taxed within the statutory period.

*By the Court.*—The judgment of the lower court is affirmed.