KEICHER, Appellant, vs. MICHAAL and another, Respondents.

*May 8—June 18, 1928.*

For the appellant there was a brief by *Morgan & Johns* of Appleton, and oral argument by *J. L. Johns.*

For the respondents there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas.*

OWEN, J. The plaintiff was putting water into the radiator of a truck parked on the west side of a highway running north and south. His young dog had wandered to the east side of the highway. Defendant Michaal was approaching from the south in an automobile. The plaintiff, fearing for the safety of the dog, rushed across the road and, while in the act of picking up his dog in the grass on the easterly side of the traveled portion of the highway, was struck by the left-hand fender of defendant Michaal's automobile, knocked back towards the highway, and sustained injuries.

The court set aside the verdict and granted a new trial because he deemed the following instruction erroneous:

"A pedestrian desiring to cross a highway in advance of an approaching automobile has the right of way if, calculating reasonably from the standpoint of a person of ordinary care and intelligence so circumstanced, he has sufficient time, proceeding reasonably, to clear the point of intersection of his line of travel with that of the approaching automobile without interfering with the movement of the automobile to pass the point of intersection, and in so doing he has the right to assume that the automobile is approaching at a reasonable and lawful rate of speed."

We are unable to discover any error in this instruction. It embodies a rule which this court has adopted as applying to a pedestrian about to cross a street in front of a street car. *Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823; *Karshian v. Milwaukee E. R. & L. Co.* 192 Wis. 269, 212 N. W. 643. Why this should not also be the rule with reference to a pedestrian crossing a street in front of an approaching automobile is not apparent. The automobile can be more readily controlled to avoid a collision than a street car because it can be diverted from its course. Probably the trial court thought that because the instruction accorded to the pedestrian the "right of way" it was an erroneous statement of the law. As an abstract proposition, a pedestrian does not have a "right of way" over an automobile. But there are circumstances under which he has a right to attempt to cross a highway in front of an oncoming automobile, and we think such circumstances are included in the instruction. The use of the words "right of way" instead of the words "right to cross the highway" could not have confused the jury, if, indeed, under the circumstances the two expressions did not mean the same thing. Furthermore, it is apparent that the plaintiff did not miscalculate. He not only successfully crossed the road but had proceeded to a point of safety in the grass on the other side of the road and was stooping to pick up the dog before he was struck by defendant Michaal's automobile. This positively negatives any contributory negligence on the part of the plaintiff. A finding of contributory negligence on his part should not have been permitted to stand.

The court gave as a further reason for granting a new trial that the damages awarded by the jury were not adequate. However, the plaintiff does not complain of the amount of damages awarded and he made no motion to set aside the verdict or grant a new trial. Inadequacy of dam-

. ages cannot be relied upon by the defendants to sustain the order appealed from. The court should have awarded judgment upon the verdict.

*By the Court.*—Order reversed, and cause remanded with instructions to render judgment upon the verdict.