KROEHLER, Administratrix, Appellant, vs. ARNTZ and
another, Respondents.

*October 10—November 7, 1928.*

196

For the appellant there was a brief by *Lehner & Lehner* of Oconto Falls, and a separate brief by *Philip Lehner* of Princeton, and oral argument by *Philip Lehner*.

D. J. *Regan* of Milwaukee, for the respondents.

ESCHWEILER, J.   The trial court, in passing upon the motions made by the respective parties after verdict, held that the answers of the jury finding no contributory negligence by the deceased could not be sustained.   This was upon the ground that the deceased, in the exercise of ordinary care, should have observed the approach of defendant's car and remained within the safety zone where he was walking just prior to the accident, or that if, carrying the umbrella as he was, he failed to see that which could have been seen, he was thereby lacking in the ordinary care that the law requires of a pedestrian crossing a public highway at other than an established or recognized crossing and under such circumstances as were there present.

Assuming that defendant was negligent in any of the matters as found by the jury, and particularly in failing to keep a closer or more continuous watch upon the progress of Mr. Kroehler as he was approaching along the graveled shoulder facing the line of traffic, yet defendant's negligence, whatever it may have been, cannot, under the facts as here presented, excuse or avert the effect of the failure of the deceased to look before crossing the highway at the point in question and observe the approaching automobile, in the direct path of which he was placing himself in so crossing from the east to the west.

We do not consider the situation one within the line of

cases holding that a person may be within the field of ordinary care for his own safety in reasonably anticipating that there is ample opportunity to safely cross a highway in advance of an approaching vehicle, assuming that such, there being no showing to the contrary, is approaching at a lawful and proper rate of speed; as, for instance, *Zimmermann v. Mednikoff,* 165 Wis. 333, 162 N. W. 349; *Saltzberg v. Tax,* 185 Wis. 372, 378, 200 N. W. 863; *Kuebler v. Klug,* 191 Wis. 259, 262, 210 N. W. 701; *West v. Day,* 193 Wis. 187, 189, 212 N. W. 648; and clearly not within the case cited by appellant of *Keicher v. Michaal,* 196 Wis. 305, 220 N. W. 179.

We think the ruling by the trial court and as now confirmed is required under the holdings in such cases as *Feyrer v. Durbrow,* 172 Wis. 71, 74, 178 N. W. 306; *Hirschberg v. Milwaukee E. R. & L. Co.* 179 Wis. 175, 177, 190 N. W. 829; *Brickell v. Trecker,* 176 Wis. 557, 560, 186 N. W. 593.

*By the Court.*—Judgment affirmed.

CROWNHART, J. (*dissenting*). The negligence of the defendant is admitted. The only question presented is, Was deceased guilty of negligence as a matter of law? There were only two witnesses to the events immediately prior to the accident—the defendant and his wife. The wife did not testify. The deceased died immediately upon being struck by defendant's automobile. As to these events the testimony of defendant should be accepted as favorably to the plaintiff as it will fairly stand. The presumption is that he was in the exercise of due care, and proof of contributory negligence devolved upon defendant. *Andrzejewski v. Northwestern Fuel Co.* 158 Wis. 170, 148 N. W. 37.

The defendant was driving north on highway No. 41 at 10:30 in the forenoon. He saw deceased coming south a distance of 300 feet ahead of him. Deceased was walking

near the concrete on the east shoulder of the highway at the time, carrying an umbrella somewhat ahead of him. Defendant did not see deceased again until he was within thirty feet of the deceased. At that time defendant was driving twenty miles per hour, according to his testimony. When he saw deceased thirty feet ahead of him, deceased was crossing the concrete highway at an angle southwesterly toward the west side of the highway. Deceased had then got on to the cement "five, six, or eight feet," let us say, as the jury might have found eight feet. Deceased was then running and was within one foot of the black center line of the cement. One step would put him over the center line. Defendant's car was two feet east of the black line. Hence deceased had already reached a point of safety and was running, say five miles per hour. He would therefore run seven and one-half feet while defendant's car would travel thirty feet going at the uniform rate of twenty miles, but defendant applied his brakes and must have lessened his speed. At any rate, deceased would have been nearly, if not quite, across the concrete when struck. This coincides with the physical facts about which there is no substantial dispute, and which are abundantly established by disinterested witnesses. They are: The deceased was struck by the right front of defendant's fender, his head coming in contact with the frame of the windshield, which caused the death blow. Deceased fell on the east side of defendant's car, which did not pass over his body. As he lay where he fell, his head and body were on the concrete and his legs and feet were west of the concrete on the gravel,—the body lay at an acute angle to the concrete.

The witnesses are in substantial agreement as to what happened after defendant saw deceased running across the concrete. Defendant, instead of keeping straight ahead as he could have done without danger to deceased, turned from his side of the road to the west, so that when he struck de-

ceased his car was nearly or clear off the cement on the west side of the highway. The wheel marks testified to by several witnesses clearly establish that he made a curve from the east side of the highway to the northwest, off the concrete, and back to the northeast, so that when his car stopped it faced the northeast with the front wheels on the west side of the concrete and the hind wheels on the gravel shoulder, and sixty to one hundred feet north of the body. The curve took the car to the west clear off the concrete. The position of the body clearly establishes the fact that the car was to the west of the concrete when it struck the deceased.

The jury had the right to draw all reasonable inferences from the established facts. The deceased lived west of the highway. Therefore it was a reasonable inference that he crossed the highway going to his home. This was a country highway with no crosswalks and deceased was well within his rights in so doing. Deceased was a well man, active, good hearing and sight, and in the absence of anything to the contrary is presumed to have used ordinary care. No one could tell whether he looked for approaching cars before he started to cross the highway, but it is presumed he did. If he did, he saw the defendant's car coming. He then had to use his judgment as to whether he had time to safely cross ahead of the car a distance of nine feet to the black line. He is presumed to have done that. If he did, he formed a safe and sane judgment, assuming, as he had a right to assume, that defendant would keep on the east side of the black line. The physical facts show beyond the shadow of a doubt that before the car struck him he had gone nearly, if not quite, across the concrete. Having crossed safely to the black line, he was in duty bound to look to the north to see if there were approaching vehicles from that direction. It is presumed he did that, and while doing so he was struck down in a place of absolute safety from vehicles coming from the south.

How can it be said that his negligence did not at least present a jury question?

I know of no case under such a situation where this court or any appellate court has ever held a person guilty of contributory negligence as a matter of law. Certainly none of the cases cited in the opinion in support thereof are in point. On the contrary, this case is ruled by *Keicher v. Michaal,* 196 Wis. 305, 220 N. W. 179, which in its essential facts is on all-fours with the instant case. In that case this court approved the following instruction to the jury:

"A pedestrian desiring to cross a highway in advance of an approaching automobile has the right of way if, calculating reasonably from the standpoint of a person of ordinary care and intelligence so circumstanced, he has sufficient time, proceeding reasonably, to clear the point of intersection of his line of travel with that of the approaching automobile without interfering with the movement of the automobile to pass the point of intersection, and in so doing he has the right to assume that the automobile is approaching at a reasonable and lawful rate of speed."

The deceased had the right to cross the highway at the point in question. He was not guilty of negligence in so doing if he saw defendant's car approaching and he reasonably calculated he had time to cross in safety. *Keicher v. Michaal, supra; Tesch v. Milwaukee E. R. & L. Co.* 108 Wis. 593, 84 N. W. 823; *Karshian v. Milwaukee E. R. & L. Co.* 192 Wis. 269, 212 N. W. 643.

The deceased had a right to assume that the defendant would keep to his right of the black line in the center of the road. *Zimmermann v. Mednikoff,* 165 Wis. 333, 162 N. W. 349; *Glatz v. Kroeger Bros. Co.* 168 Wis. 635, 640, 170 N. W. 934; *McCaffery v. Automobile L. Co.* 176 Wis. 230, 233, 186 N. W. 585.