FEYRER, by guardian *ad litem*, Respondent, vs. DURBROW, Appellant.

*June 1—June 23, 1920.*

*Automobiles: Pedestrian stepping into street: Negligence: Excessive speed: Failure to sound horn: Proximate cause: Contributory negligence.*

1. In an action by a pedestrian for personal injuries received when struck by an automobile while he was attempting to cross a public street, a finding that defendant drove the automobile at an excessive rate of speed is *held* not to be supported by the evidence, though plaintiff, a boy, testified that it was going twenty-five or thirty miles an hour, where it ran only three or four feet after striking him and he did not see it until it was but two to seven feet from him.

2. Negligence of the driver could not be predicated on an excessive rate of speed, where the speed was not in excess of twelve or fifteen miles an hour.

3. The driver of an automobile is under no obligation to sound his horn as he approaches a street intersection.

4. The failure of the driver to sound his horn when approaching a street intersection could not have been the proximate cause of plaintiff's injury, where each discovered the other's approach at the same time.

5. A finding that defendant was negligent in not sooner discovering the presence of plaintiff in the street cannot be sustained where the plaintiff was in equally as good a position to discover the automobile as defendant was to discover him, and each discovered the other at the same time.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Reversed.*

Plaintiff, a newsboy fourteen years of age, was struck by an automobile driven by the defendant, and brings this action to recover damages. At about 5 o'clock in the evening of the 18th day of November, 1918, defendant was driving west along Galena street in the city of Milwaukee. It was a dark, damp, misty evening. About thirty-five feet east of the east crosswalk at the intersection of Galena and Fourteenth streets plaintiff attempted to hastily cross Galena street from north to south. When he was a few feet from the curb he discovered defendant's automobile coming towards him. He paused momentarily and then ran on across the street. When the boy paused the defendant turned to the left to avoid him, and they collided near the center of the street.

The case was tried in the civil court of Milwaukee county before a jury, which found, in the form of a special verdict, (1) that the defendant was operating his automobile at an excessive rate of speed at and immediately prior to the time of striking the plaintiff; (2) that the defendant failed to exercise ordinary care in operating his automobile at such excessive rate of speed; (3) that such want of ordinary care was the proximate cause of plaintiff's injury; (4) that the defendant failed to give any warning by sounding the horn on his automobile as he approached the intersection of Fourteenth and Galena streets; (5) that the defendant failed to exercise ordinary care in so failing to give warning of his approach by sounding his horn; (6) that such want of ordinary care was a proximate cause of plaintiff's injury; (7) that the defendant failed to have his automobile under proper control immediately prior to the time plaintiff was struck; (8) that the defendant failed to exercise ordinary care in so failing to have his automobile under proper con-

trol; (9) that such want of ordinary care was a proximate cause of plaintiff's injury; and (10) damages $250. From the judgment entered upon such verdict in favor of the plaintiff the defendant appealed to the circuit court for Milwaukee county, where the judgment was affirmed. From the judgment of the circuit court affirming the judgment of the civil court the defendant brings this appeal.

The cause was submitted for the appellant on the brief of *Martin J. Brennan,* attorney, and *Nicholas F. Lucas,* of counsel, both of Milwaukee, and for the respondent on that of *Raymond J. Cannon* of Milwaukee.

OWEN, J. Notwithstanding what was said in *Shortle v. Sheill, ante,* p. 53, 178 N. W. 304, decided herewith, concerning the finality of the verdicts of juries in cases of this nature, we are convinced that the verdict and judgment in this case are unsupported by a scintilla of evidence. The general situation presented by the facts is a typical and familiar one. The driver of an automobile is proceeding along a street. A pedestrian heedlessly steps from the curb directly in the path of the automobile. They discover each other at about the same time. The driver of the automobile promptly applies his brakes, the pedestrian halts momentarily, each is uncertain of what the other is going to do, both do the same thing, and the pedestrian is struck and injured. That is what happened in this case, as conclusively appears by the evidence of the plaintiff as well as of the defendant. While the jury found that the defendant drove the automobile at an excessive rate of speed, there is no evidence whatever to support this except that of the plaintiff, who testifies that the defendant was driving the automobile at twenty-five or thirty miles an hour. He admits, however, that when he first saw the automobile it was only from two to seven feet from him. That the automobile ran only three or four feet after striking the boy is conclusively

established.    The boy had no experience that would enable him to judge of the speed of automobiles.    But the best judge could not form a very accurate idea of the rate of speed at which an automobile but from two to seven feet away was bearing down upon him.    The physical facts show that the automobile was brought to a stop within a very short distance from the point where it struck the boy.    The pavement was damp.    The boy discovered the automobile when he was but a few feet distant from the curb.    The driver could not have discovered the boy much sooner, yet he brought the machine to a stop by the time the boy reached the center of the street.

The other testimony in the case is to the effect that the automobile was not going to exceed twelve or fifteen miles an hour, and the physical facts show that this must have been true.    We do not think that the defendant's negligence, therefore, can be predicated upon excessive rate of speed. Neither can it be predicated upon his failure to blow the horn.    While all the testimony in the case except that of the plaintiff is to the effect that he did blow the horn upon discovering the boy, we do not see how the conclusion can be reached that his failure to blow the horn was the proximate cause of the accident.    In the first place, we know of no rule of law requiring the driver of an automobile to blow his horn as he approaches a street intersection.    It is apparent that the boy could see the automobile coming as soon as the driver thereof could see the boy in the street.    If the boy was not negligent in failing to discover the automobile, the driver of the automobile certainly was not negligent in failing to discover the presence of the boy in the street. That they discovered each other at about the same time is apparent.    The boy momentarily stopped.    This is testified to by the defendant and admitted by the boy.    This no doubt marks the time when the boy discovered the automobile and, according to the testimony of the defendant, it also

marks the time when he discovered the boy. As he was under no obligation to sound the horn because of approaching the intersection of the crossing, in order for such failure to constitute the proximate cause of the accident it must be held that he should have sounded the horn immediately upon discovering the boy. This he said he did, but whether he did or not would seem to be immaterial, because the boy discovered him at the same time.

The jury found that the boy was not negligent in not discovering the automobile before he did, and as he was in just as good a position to discover the automobile as the driver thereof was to discover the boy, how can it be said that the latter was negligent in failing to discover the boy before he did? According to the testimony of the boy the automobile was from two to seven feet away from him when he discovered it. According to the defendant the distance was ten or fifteen feet. The fact that the automobile was brought to a stop within three or four feet from the place where it struck the boy indicates that the driver must have acted with promptness and that the car must have been under good control. In no view of the evidence can we find any support for the verdict. The same considerations that acquit the plaintiff of negligence must also acquit the defendant.

*By the Court.*— Judgment reversed, and cause remanded with instructions to enter judgment in accordance with this opinion.