## JULIA R. BUCKBEE vs. JOHN L. SCHOFIELD.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

Argued October 31st—decided December 18th, 1928.

*Joseph L. Melvin,* for the appellant (plaintiff).

*Daniel E. Ryan,* with whom, on the brief, were *C. Milton Fessenden, Matthew H. Kenealy* and *Jackson Palmer,* for the appellee (defendant).

YEOMANS, J.   About 12.45 a.m. on December 4th, 1927, a clear moonlight night, in the village of Noroton, the defendant, seeing two people apparently desiring a ride, stopped his car near the curb, put it in reverse, and backed at an angle of 45° toward the center of the highway, where his car was struck by that of the plaintiff.

This action was brought by the plaintiff to recover for the damage done to her car as a result of this accident.   The trial court held that in·backing his car from the position at the curb the defendant acted as an ordinarily prudent man would have done under similar circumstances and that the accident was caused by the negligence of the driver of the plaintiff's car in failing to observe the defendant's car was in motion until within twenty feet of the point of collision.

Before starting to back the defendant looked to the rear but did not see the plaintiff's automobile approaching.   The rear curtains of the defendant's sedan were down and, with the paneling, prevented his obtaining a view through the rear end of his automobile.   At that time the plaintiff's car was approaching,

with its headlights lighted, and not more than one hundred feet away. In the exercise of reasonable care the defendant should have seen it and should not have backed into its path without warning. He gave no signal of any sort to warn approaching cars of his intention to back into the center of the road. In so backing the defendant was traveling on the left side of the road with reference to the direction his car was then traveling. Such conduct was clearly negligent and was the proximate cause of the accident.

Apparently the trial court concluded that because the driver of the plaintiff's automobile "was not at all times and continually and uninterruptedly looking ahead" he was guilty of contributory negligence. There is no law requiring such perfect lookout on the part of the driver of an automobile. He was traveling over a perfectly straight road with unobstructed vision for a considerable distance and with no traffic in sight. He saw the defendant's car apparently parked near the curb, he was following a course at least twelve feet from the curb, allowing twice the room necessary to clear the parked car, he was proceeding at a rate of twenty-five to thirty miles per hour, which could not have been found to have been an unreasonable rate of speed under all the circumstances. The plaintiff's driver saw the signal at the intersection near the scene of the accident and saw the defendant's car parked by the curb when he was about one hundred and fifty feet away. He saw it when it was backing into his path ten or fifteen feet away, too late to avoid the collision. He was under no duty to watch the car parked at the curb. The finding states that "he was not at all times looking ahead," but there is nothing in the finding, nor in the evidence before us, to indicate that he was not keeping a reasonable lookout under all the circumstances. The only reasonable conclusion from the facts

was that his conduct was that of a reasonably prudent man. He cannot well be charged with contributory negligence.

"In passing a car parked on the side of a street, a person approaching it on that side has the right to pass it on the left, if the street in front of him on that side is of sufficient width and clear of obstructions, and the passage can be made safely. . . . The well known custom, of which we take notice, is in accord with this holding." *Lee* v. *Donnelly,* 95 Vt. 121, 127, 113 Atl. 542.

There is error, the judgment is set aside, and judgment directed to be rendered in favor of the plaintiff for such damages as the court may find on due hearing had.

In this opinion the other judges concurred.