## TEXAS & NEW ORLEANS RAILROAD COMPANY V. C. R. BRANNEN ET AL.

No. 7958.  Decided November 25, 1942.
(166 S. W., 2d Series, 113.)

*Schwartz & Schwartz*, of Hallettsville, *Moss & Moss*, of La Grange, *Baker, Botts, Andrews & Wharton* and *Sewell, Taylor, Morris & Connally*, all of Houston, for petitioners.

The evidence was insufficient to raise any issue of primary negligence, but there was evidence sufficient to establish, as a matter of law, the contributory negligence of Mrs. Brannen in failing to keep a proper lookout for the train at the crossing and in the operation of her automobile as she approached the crossing. 35 Tex. Jur., 511, sec. 337; McDonald v. International & G. N. R. R. Co. 86 Texas 1, 22 S. W. 939; Lancaster v. Browder, 256 S. W. 905; Texas & N. O. Ry. Co. v. Compton, 135 Texas 7, 136 S. W. (2d) 1113; Wichita Falls & So. Ry. Co. v. Hesson, 151 S. W. (2d) 270.

*C. C. Jopling,* of La Grange, for respondent.

Ordinarily the question of whether there was negligence or contributory negligence is for the jury and it was error for the trial court to withdraw the case from the jury. Wichita Falls & So. Ry. Co. v. Fite, 78 S. W. (2d) 714; Galveston, H. & S. A. Ry. Co. v. Wells 124 Texas 310, 50 S. W. (2d) 247.

MR. JUDGE SLATTON delivered the opinion of the Commission of Appeals, Section B.

C. R. Brannen et al sued the T. & N. O. Railroad Company to recover damages for personal injuries received by Mrs. C. R. Brannen in a collision between a train of the railroad company and an automobile driven by Mrs. Brannen at a railway company in the town of Flatonia. At the close of the evidence adduced by Brannen et al, on motion of the railroad company, the trial court directed a verdict in favor of the railroad company. On appeal the judgment of the trial court was reversed and remanded by the El Paso Court of Civil Appeals. (Not published.)

The negligence of the railway company charged in the trial pleadings of Brannen et al, may be summarized as follows, to-wit: (a) failure to keep a proper lookout; (b) failure to warn either by whistle or bell of the approach of trains; (c) maintenance of an extra hazardous crossing.

In passing upon the action of the trial court in directing a verdict in favor of the railway company we must apply familiar settled rules to the evidence, as there is no contention that the pleadings do not allege a good cause of action. The evidence must be viewed in its most favorable light and every legitimate inference must be indulged in favor of the complaining party. The evidence adduced on the trial of the case by Brannen et al was primarily the testimony of Mrs. Brannen, which is as follows, towit:

"At the time of the accident, which was about 12:15 P. M., the day was a rainy one, and I had the windshield wiper running. I drove up to within a short distance of the tracks and stopped. I think that I stopped between the east end of the express building to midway of this building. I heard the whistle of the train but I did not see a train and I thought that the train was on another track, and I started forward, and then a train came from behind that building going toward the north, and I tried to stop, but my brakes evidently locked the wheels of the auto for my car skidded, and I struck head on about the point where there is something sticking out on the engine just to the rear of the cab of the engine. When my car struck the engine it was my opinion that my car bounced back from the engine. At least, the car did not hang onto the engine, and I also think that the engine stopped very soon after the car came into contact with the engine. I judge from that that the speed of the engine was not very great. I think that my speed was not in excess of about ten miles per hour. It was such a speed as could be accumulated after going from a full stop from the point where I have described as where I stopped to the point of the contact. At least the speed was not great. All the windows of the car were closed. My windshield wiper was running. There was some fog on the window-glasses of the car, with the exception of that space which was kept clear by the motion of the windshield wiper. I could not tell whether the bell of the engine was sounding or not. If such was being sounded, then I will say that I did not hear it."

■ After a careful consideration of the evidence, measured by the rules stated, it cannot be said that the servants and em-

ployees of the railway company in charge of the train at the time of the accident failed to keep a proper lookout. For aught that appears in the evidence the engine crew may have seen the automobile at the time Mrs. Brannen came to a stop near the crossing or at least may have seen her as she started slowly moving toward the crossing after having stopped her car. In either event, the crew in charge of the train had the right to assume that the driver of the car would not negligently drive on the crossing in front of the train, nor run into it while the train was passing over the crossing. In the case of Fort Worth & D. C. Ry. Co. v. Shetter, 94 Texas 196, 59 S. W. 533, it is said:

"We think it well settled that one person is not bound to anticipate negligent conduct on the part of another * * *."

■ Mrs. Brannen testified that she heard the sound of the whistle and stopped her car near the crossing. Whether the whistle was sounded by the engine crew at a point at least eighty rods distant from the crossing or less than eighty rods distant from the crossing does not appear. The respondents charged in their trial pleadings that the whistle was not sounded within at least eighty rods' distance of the crossing as required by Artcle 6371, Vernon's Annotated Civil Statutes, 1925, and in the alternative "that the whistle was not blown just prior to the time of coming out between the two buildings and within a short distance of the crossing." In order to show a violation of the statute cited it was incumbent upon respondents to prove that the train started its movement toward the crossing at a point more than eighty rods distant from the crossing, where the accident occurred, and that the operatives of the train failed to blow the whistle for the crossing before passing the point eighty rods distant therefrom, and that such failure was a proximate cause of the injuries. Houston & T. C. Ry. Co. v. O'Neal, 91 Texas 671, 672, 47. S. W. 95.

■ The respondents do not contend that the evidence shows such a violation, but they insist that we must presume, since the whistle was sounded by the crew and heard by Mrs. Brannen, that the same was sounded at a point at least eighty rods distant from the crossing, as required by the statute, and therefore the issue is presented for determination by the jury whether the failure to blow the whistle "just prior to the time of coming out between the two buildings and within a short distance of the crossing" was negligence under all the facts

and circumstances in evidence. It may be conceded that if respondents had proved that the whistle was not sounded by the train crew "just prior to the time of coming out between the two buildings and within a short distance of the crossing," under the facts and circumstances of this case a question of fact would be presented for the jury to say whether such failure was negligence. We are not at liberty to presume that the whistle was not sounded "just prior to the time of coming out from between the two buildings" on the presumption that the whistle which Mrs. Brannen heard was sounded by the train crew at a point at least eighty rods distant from the crossing. To do so it would be necessary to place one presumption upon another. This the law will not permit. Missouri-Pacific Ry. Co. v. Porter, et ux., 73 Texas 304, 11 S. W. 324.

In the case of Fort Worth Belt Ry. Co. v. Jones, 106 Texas 345, 166 S. W. 1130, it is said:

"A presumption of fact cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved. 'No inference of fact should be drawn from premises which are uncertain. Facts upon which an inference may legitimately rest must be established by direct evidence as if they were the facts in issue; one presumption cannot be based upon another presumption' (citing the Porter case, supra)."

We must hold, therefore, that the evidence failed to raise an issue for the jury with respect to the alleged failure to sound the whistle as required by the statute or as arising from the ordinary duty of care.

■ We are also of the opinion that the evidence failed to raise an issue for the determination of the jury with respect to the failure of the operatives of the train to ring the bell. Mrs. Brannen testified "I could not tell whether the bell of the engine was sounding or not. If such was being sounded, then I will say that I did not hear it." She further testified that the windows of the car were closed and that the windshield wiper was running. In the absence of any showing that Mrs. Brannen was in a position to hear the bell if the same was ringing, the quoted testimony is not sufficient to raise the issue; hence the trial court properly directed a verdict in favor of the railway company upon this phase of the case. Schaff v. Bearden, 211 S. W. 503.

We are in agreement with the Court of Civil Appeals in its holding that the evidence was not sufficient to raise the issue

of an extra hazardous crossing, i. e., "there was no evidence as to the number of trains operated over the crossing and their rate of speed." Missouri K. & T. Ry. Co. v. Magee, 92 Texas 616, 50 S. W. 1013; Texas & N. O. Ry. Co. v. Stratton, 74 S. W. (2d) 746, (writ refused).

In view of our holding, other contentions of the railway company need not be noticed, because they become immaterial. The judgment of the Court of Civil Appeals, which reversed the judgment of the district court, is reversed, and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court November 25, 1942.