**J. G. McCALL, Appellant,**

v.

**J. J. WILLIAMS, Appellee.**

No. 10555.

Court of Civil Appeals of Texas.

Austin.

March 19, 1958.

Rehearing Denied April 9, 1958.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellant.

Will Cowan, Arthur Mitchell, Austin, Edgar Lashly, Brady, for appellee.

HUGHES, Justice.

Appellee, J. J. Williams, instituted this suit in behalf of the community estate of his wife, Ellender Teague Williams, and himself to recover damages for personal injuries sustained by Mrs. Williams in the collision between a 1950 Pymouth Sedan automobile and a 1956 Cadillac Sedan automobile in Brady, Texas, in mid-afternoon on July 10, 1956.

Mrs. Williams was riding in the front seat of the Plymouth which was being operated by her sister, Mrs. Nellie Teague Hughes.

The Cadillac was being driven by Mrs. Edna Sheridan McCall, wife of appellant Dr. J. G. McCall who was sued as manager of their community estate.

Trial to a jury resulted in verdict and judgment for appellee Williams.

Since we have concluded that appellant's Point One to the effect that the Trial Court erred in not granting appellant's motion for judgment notwithstanding the verdict of the jury must be sustained it is necessary that we state fully the pleadings and facts surrounding the collision.

We quote from appellee's trial petition:

"The automobile collision which gives rise to this cause of action, as alleged by the Plaintiff herein, occurred at the intersection of Broad Street and Elizabeth Street in the City of Brady, McCulloch County, Texas. Both of these streets are situated in a residential section in the City of Brady, and in a sparsely settled part of town. Broad Street runs east and west and is of regulation width. Elizabeth Street is also a gravel street, and it runs in a north-south direction and has no curbs and intersects with Broad Street. Terrain in the vicinity of this intersection is flat and level with the exception that Elizabeth Street is slightly up hill as it approaches Broad Street from the South. At the time of the collision in question, made the basis for the complaint of the Plaintiff, there were no warning devices such as stop signs, right-of-way signs, or other signs, against traffic on either of these streets. The weather at the time of the collision was fair and clear and dry. Both streets were dry, and premises considered, it was a find afternoon.

"* * * Mrs. Hughes was driving her automobile at a rate of speed not in excess of fifteen to twenty miles per hour as the Hughes car approached the intersection of Broad Street and Elizabeth Street. Very shortly before the Hughes car approached the intersection of Broad Street and Elizabeth Street, a 1956 Cadillac Sedan driven by Edna Sheridan McCall, wife of the defendant herein, was proceeding east on Broad Street toward a point where Broad Street intersects with Elizabeth Street. The 1956 Cadillac Sedan is owned by the Defendant, and the same was being driven by his wife, Edna Sheridan McCall, and he, the Defendant was a passenger in the automobile at the time and place in question. The 1956 Cadillac approached the intersection of Broad Street and Elizabeth Street at a rate of speed which under the circumstances was dangerous and reckless, and at a time when the automobile driven by Mrs. Hughes, in which the Plaintiff was a passenger, was likewise approaching the intersection of Broad Street and Elizabeth Street from the Cadillac's right and in all manners in a proper and prudent fashion. Thus it was that as Mrs. Hughes was on the verge of entering the intersection, she was confronted with the 1956 Cadillac owned by the Defendant and operated by his wife and it became obvious to her that the driver of the Cadillac did not intend to yield to her the right of way to which she was rightfully entitled and Mrs. Hughes thereupon applied the brakes to her automobile in an effort to stop the same and did also swerve her automobile sharply to her right in an effort to avoid the obvious collision which was impending. Mrs. Hughes thus brought her automobile to a virtual stop and while her automobile was so situated the driver of the 1956 Cadillac collided the right front portion of her vehicle into the left front and left side of the 1950 Plymouth being operated by Mrs. Hughes.

*    *    *    *    *    *

"The aforesaid collision resulted from the negligent acts, omissions, and conduct of Edna Sheridan McCall at the time and on the occasion in question, in each of the foregoing and in each of the following particulars, to wit: (1) in failing to keep a proper lookout; (2) in operating her automobile at the rate of speed in excess of that at which a person of ordinary prudence in the exercise of ordinary care would have operated the same under the same or similar circumstances; (3) in failing to yield right of way to the Hughes' car which had entered the intersection prior to the Defendant in violation of Section 71(a) Article 6701d RCST; (4) In failing to yield right of way to the Hughes' vehicle which was on the right, in violation of Section 71(b), Article 6701d RCST; (5) In failing to reduce the speed of her Cadillac automobile; (6) In failing to maintain proper control of her Cadillac automobile; (7) In failing to make timely application of the brakes of her Cadillac automobile; (8) In failing to swerve her Cadillac automobile to the left immediately prior to the collision in an effort to avoid the collision."

Broad Street where it intersects with Elizabeth Street is approximately 35′ 6″ wide and Elizabeth Street is approximately 33′ 6″ wide. Both streets are graveled and the center of both streets seem to have been used for motor vehicular traffic. There were no traffic signals at the intersection.

The jury made these pertinent findings:

1. Mrs. McCall did not fail to keep a proper lookout; 2. Mrs. Call did not fail to yield a right of way to the car driven by Mrs. Hughes; 3. The failure of Mrs. McCall to swerve her car to the left in order to avoid the collision and her failure to apply her brakes immediately before the collision was the result of negligence which proximately caused the collision.

As to Mrs. Hughes the jury found that she failed to yield the right of way to Mrs. McCall but that this was not the sole proximate cause of the collision.

The jury also negatived the issue of unavoidable accident.

Both cars were traveling at a moderate rate of speed. The Hughes car at about 15 miles an hour, the McCall car at not to exceed 25 miles an hour. The view of each driver was unobstructed.

Mrs. McCall was driving east on Broad Street. Mrs. Hughes was driving north on Elizabeth Street.

Mrs. McCall explained the collision in this fashion:

"Q. Tell then what occurred, in your own words, what happened? A. I saw this car—I looked both ways and saw this little green car down the street. I crossed the street and before we got across this car hit us. Almost knocked us over.

"Q. * * * Let me ask you in that connection, where did the impact occur? Did it occur east of the center-line (of Broad and Elizabeth Streets)? A. Yes, absolutely.

"Q. You are definitely sure that it was East of that center-line of Elizabeth Street? A. Yes, we were ⅔ across."

Mrs. Hughes' version of the collision follows:

"Q. Tell us (Mrs. Hughes) what happened, please ma'am, from the time you turned off of White Street, and north onto Elizabeth Street? A. Well, I was just driving along. I turned off there, you know, and was coming up-grade (north on Elizabeth). So, I saw this car, of course, and I went to throwing on my brakes, and I thought, well, surely she would stop, me being on the right hand, that she would stop, but she kept on shooting on through, and I put on my brakes.

"Q. What was the next thing that you did to avoid the collision? A. When I skidded my brakes? Well, I just kind of pulled the car around to one side, trying to follow her, you know.

"Q. Which side did you try to pull to? A. To the right, to go like she (Mrs. McCall) was going, you know. But, I didn't turn very far."

These facts are established by evidence of a conclusive nature:

1. Mrs. McCall entered the intersection first.

2. The collision occurred when Mrs. McCall was about two-thirds through the intersection.

3. The Hughes' car ran into the right side of the McCall car.

Having entered the intersection first Mrs. McCall had the right of way. Art. 6701d, Sec. 71(a), V.A.C.S.

The jury found that Mrs. McCall kept a proper lookout and this finding is not challenged. This was the only duty which Mrs. McCall owed under the circumstances of this case[1] and her failure to turn left so as to avoid the collision or to apply her brakes, as found by the jury, were meaningless unless it be the law that a right of way lawfully obtaining must be surrendered in abstract anticipation of the negligent or unlawful act of another. This is not the law as the following authorities plainly indicate: Texas & New Orleans R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112, 113; Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App. Austin, 256 S.W.2d 448; Miller v. Tilton, Tex.Civ.App. Fort Worth, 289 S.W.2d 426.

The Hughes car as it approached the intersection was moving very slowly and there were no circumstances to alert Mrs. McCall to the possibility that the Hughes car would not respect her right of way and hence there was no duty on the part of Mrs. McCall to veer to the left or to apply her brakes.

The judgment of the Trial Court is reversed and judgment is here rendered that appellee take nothing by his suit.

Reversed and rendered.

---

1. Discovered peril was not pleaded and no issues on this theory were submitted to the jury.