**Anderson C. BABB, Individually, and as Next Friend of Angelique Darlene Babb, Appellant,**

**v.**

**Doyne Jackson YOUNG, Appellee.**

**No. 7322.**

Court of Civil Appeals of Texas.

Texarkana.

July 11, 1961.

Rehearing Denied Aug. 15, 1961.

Jerry Lastelick, Daugherty, Bruner, Kelsoe & Thorp, Dallas, for appellant.

John H. Hall, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

CHADICK, Chief Justice.

Anderson C. Babb, individually and as next friend of his daughter, Angelique Darlene Babb, was plaintiff in the trial court in a suit against Doyne Jackson Young. A take nothing judgment was entered. Babb, in the capacity indicated, has appealed, and briefs four points of error.

The focal point of all complaint is Special Issue 15, to wit:

"Do you find from a preponderance of the evidence that at the time and on the occasion in question Darlene Babb was driving and operating her automobile at a greater rate of speed than a person of ordinary care and

prudence would have driven under the same or similar circumstances?"

The jury answered the issue in the affirmative. The appellant's first point is in this form:

"The trial court erred in not disregarding the jury answer to Special Issue No. 15 on the grounds there was no evidence to support said answer."

Point Two complains the evidence was insufficient to support the answer to Special Issue No. 15, and Point Three asserts the jury's answer is against the overwhelming weight and preponderance of the evidence. The Fourth Point reads:

"The trial court erred in the form of submission of Special Issue No. 15 which was not submitted as plead."

The subject of this action was a collision between a 1955 DeSoto Sedan driven by Miss Darlene Babb and a 1959 Studebaker Station Wagon driven by appellee Young which occurred at the intersection of Durham and Stanford Streets, both public thoroughfares in the City of University Park, Dallas County. It occurred on a clear, sunny day. Miss Babb's home was within two blocks of the intersection, and she was familiar with traffic regulations at that point.

Durham Street follows a north-south direction, and Stanford runs east-west. The established traffic control marker required vehicles traveling on Stanford Street to stop before entering the intersection and yield the right-of-way to vehicular traffic moving on Durham. The legal speed limit on Durham is 30 miles per hour.

Just prior to the collision at about 1:30 P.M. on the 21st day of March, 1959, Miss Babb was driving in a southerly direction approaching Stanford Street. When she was, by her own best judgment, 75 feet from the intersection, driving at a speed of 20 to 25 miles per hour, she saw Young's car approaching the intersection from the east. Young's speed caused Miss Babb to think that he would not stop before entering the intersection, and she removed her foot from the accelerator as a precaution, and upon full realization that Young would not stop she applied her brakes with such vigor that her car made a four-wheel skid into the intersection. The skid marks measured 56 feet.

The front of Miss Babb's vehicle struck Young's Studebaker about midway of its length. Damage to Young's car was to the right door panel, and the left front fender, grill and headlight of Miss Babb's DeSoto was damaged. Miss Babb was severely shook up and hospitalized for about two weeks.

The investigating officer located the point of impact between the colliding cars in the northwest quadrant of the intersection about four feet south of the north curb line of Stanford, and six feet east of the west curb line of Durham. Thus, Young lacked only a few feet of having passed through and cleared the intersection before Miss Babb entered it.

Judge Davis' dissenting opinion is referred to for additional general details of the case. Only sufficient facts to explain the disposition of the questions discussed are mentioned here.

That Miss Babb was under a duty to operate her vehicle not only at a lawful speed but at a reasonable speed as she approached and entered the intersection can scarcely be doubted. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 645 states the duty in this language:

"* * * a statutory right-of-way * * * is not absolute but relative, and is subject to the qualification that a person entitled to claim such right will exercise it with proper regard for the safety of himself and others. See Lewis v. Martin, Tex.Civ.App., 120 S. W.2d 910 (wr. ref.). If the driver who is under the statutory duty to yield the right-of-way fails to do so, the exercise of ordinary care may require

the operator of the other vehicle to yield."

For other cases developing and applying this rule see, Liberty Film Lines, Inc., v. Porter, 136 Tex. 49, 146 S.W.2d 982, 987, op. adpt.; El Paso City Lines, Inc., v. Prieto, Tex.Civ.App., 191 S.W.2d 59, n. w. h.; Checker Cab Co. et al. v. Wagner, Tex. Civ.App., 199 S.W.2d 791, n. w. h.; Brown v. Dallas Ry. & Terminal Co., Tex.Civ. App., 226 S.W.2d 135, wr. ref.; Johnson et al. v. East Tex. Motor Freight Lines et al., Tex.Civ.App., 271 S.W.2d 708, n. w. h.; Intges v. Dunn, Tex.Civ.App., 311 S.W.2d 877, n. r. e.; and Powell v. Sanders, Tex. Civ.App., 324 S.W.2d 587, n. w. h.

■ This court must, in considering the "no evidence" point, adhere to the rule requiring the evidence and all permissible inferences and deductions therefrom be given the meaning most favorable to the jury's answer, and decide whether it has sufficient probative value to support the finding. See Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359; Cartright v. Canode, 106 Tex. 502, 171 S.W. 696; Hall v. Medical Building of Houston, Texas, 151 Tex. 425, 251 S.W.2d 497. And the decision here is made in conformity with it.

It is undisputed that as Miss Babb drove toward the intersection her vehicle was moving at some degree of speed. Negligence was the only question for the jury to determine. That is, whether or not her speed was in excess of the speed at which an ordinarily prudent person would have approached the intersection under the existing circumstances.

The jury was not confined to her estimate of speed of her approach to the intersection, but was entitled to consider all other evidence bearing upon the question, such as the fact that the car left a 56-foot skid mark when she applied her brakes, and had sufficient force to do considerable damage to both automobiles when it struck Young's vehicle. In making its determina-tion the jury could have reasoned that her vehicle's speed prevented her from maneuvering or taking other reasonably possible evasive action to avoid the collision with Young. The speed of a vehicle is an important factor in the ability of its driver to direct its course. The vehicle's speed affects the driver's opportunity to cope with foreseeable right of way interference. It is a common, perhaps universal, experience that a driver may be required to slow down, or stop, or change the course of his vehicle to avoid other traffic at intersections, regardless of traffic controls or the statutory right of precedence at the intersection. A jury of laymen would have little difficulty in concluding that a driver, approaching a known intersection that had sufficient traffic to require traffic controls, was not acting as an ordinarily prudent person in making an approach at a rate of speed that made it impossible to stop within 45 feet without locking the brakes and going into a four-wheel skid, and that such speed would contribute to Miss Babb's failure to avoid striking Young's automobile at the intersection. See Seay v. Kana, Tex.Civ.App., 346 S.W.2d 384, n. w. h., in which excessive speed was held to be negligence in an intersection collision.

■ The jury, upon what appears to be ample evidence, found that Miss Babb was negligent. The first point of error is overruled. Points Two and Three are also overruled, as the evidence appears sufficient to support the jury's finding, and the preponderance and weight thereof is not overwhelmingly against it.

■ In Appellant's Reply Brief, with respect to Point Four, the first sentence of his argument states:

"Appellee artfully dodges the real point relied on by Appellant; namely, the asymmetrical submission of speed of each of the parties,"

and in the next paragraph says:

"* * * This Court cannot step around the fact that the same act of

negligence was submitted two different ways."

From this argument it is clear that appellant's real objection to the submission of Special Issue No. 15, as made by the trial court, was that an identical fact plead by the appellant was submitted in a different form from that in which the appellee's issue was stated. Examination of appellant's motion for new trial shows that the asymmetrical submission he complains of now was not assigned as error. Failure to make a proper assignment waives any error in this respect. Rule 374, Vernon's Annotated Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.

FANNING, J., concurs.

DAVIS, Justice.

I dissent. This was originally written to be the opinion of the court, and I file it, with minor changes, as my dissent in the case.

This is an intersectional collision case. The appellee was driving his car in a westerly direction along Stanford Street. Approaching from his right, Darlene Babb, minor daughter of Anderson C. Babb, was driving her father's car in a southerly direction down Durham Street. This happened in the City of University Park in Dallas County, At the point of intersection, where Stanford intersects Durham Street, there was a stop sign that required the appellee to stop. There was no stop sign on Durham Street. Darlene Babb was acquainted with the intersections. She knew about the stop sign coming on Stanford Street. She could go across Stanford Street without stopping. When Darlene Babb was in about 75 feet of Stanford Street, she noticed the appellee coming along Stanford Street towards the intersection. She testified that he was driving at a fast rate of speed, and that it did not appear that he was going to stop. When she was in about 40 feet of the intersection she realized he was not going to stop, and she put on her brakes. She skidded her wheels into the intersection and hit the appellee about four to six feet inside the intersection. The car she was driving stopped immediately. The car of the appellee proceeded on down the street.

As a result of the collision, Darlene Babb suffered personal injuries. The case was tried before a jury, and the jury convicted the appellee of failing to stop as he entered the intersection, and that he did not keep a proper lookout, and both acts constituted a proximate cause of the accident. The jury also convicted the appellee of failing to timely apply his brakes, but they found that that was not negligence. The jury found that Darlene Babb *did not* fail to keep a proper lookout, that she *did not* fail to apply her brakes, and that she *did not* fail to keep her car under proper control. Yet, the jury found that she was operating the car at a greater rate of speed than a person of ordinary care and prudence would have driven the same under the same or similar circumstances, and that such negligence was a proximate cause of the collision. The trial court entered a take nothing judgment of the case, and Anderson C. Babb, appellant, has perfected his appeal, and brings forward four points of error.

After the verdict was returned, appellant filed a motion for judgment non obstante veredicto. He requested the court to disregard the findings of the jury of contributory negligence against Darlene Babb, and to enter a judgment on the verdict.

By his first three points, the appellant complains of the error of the trial court in entering the judgment that he did, because: (1) there is no evidence to support the answer of the jury; (2) there was insufficient evidence to support the said answer; (3) and the answer was against the overwhelming weight and preponderance of the evidence and caused the rendition of an improper judgment. According to the evi-

dence, Darlene Babb was driving at a legal rate of speed in a suburban part of the City of University Park, and was approaching the street intersection at a time when she had the right-of-way. She noticed the appellee approaching the intersection from her left. She knew that he had a stop sign. She knew that she had the right-of-way to go through the street intersection without stopping. At the time when she observed his speed and his failure to stop, she did everything within her power to prevent the accident. There is no evidence in the record that Darlene Babb was driving the automobile at an excessive rate of speed. The only evidence shows that she was driving the automobile at a speed of 20–25 miles per hour; a legal rate of speed. She kept a proper lookout; she applied the brakes; and she kept the car under proper control. Under these findings (driving at a legal rate of speed of less than 30 miles per hour) she could not be guilty of driving at a faster rate of speed than a person of ordinary care and prudence would have driven the automobile. Holly v. Blue Bonnet Express Company, Tex.Civ.App., 275 S.W.2d 737, wr. ref., n. r. e.; Braumler v. Mrs. Hazelwood, Admr'x, Tex., 347 S.W.2d 560, (Vol. 4 Tex.Sp.Ct.Journal, 506); Feyrer v. Durbrow, 172 Wis. 71, 178 N.W. 306; Martin v. Cazedessus, 15 La.App. 100, 130 So. 129; Maguire et al. v. Brogin, 314 Pa. 306, 171 A. 578; Barrington v. Sarles, 92 Cal.App. 5, 267 P. 585; Moeller v. Packard, 86 Cal.App. 459, 261 P. 315; Buckbee v. Schofield, 108 Conn. 560, 143 A. 884; Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S.W.2d 364; Cowden et al. v. Crippen, 101 Mont. 187, 53 P.2d 98; Ferrula v. Santa Fe Bus Lines, Cal.App., 189 P.2d 294. Excessive speed alone, without other factual evidence of negligence, is insufficient to sustain a complaint for negligence on the part of a driver of a motor vehicle. Myers v. Korbly, Fla.App., 103 So.2d 215; Blashfield's Cyc. of Auto.Law & Prac., Vol. 10, p. 575, Sec. 6559. All that is required of a person, with the right-of-way, is that they exercise due care for their own safety. Intges v. Dunn, Tex.Civ.App., 311 S.W.2d

877, wr. ref. n. r. e. The law does not require that a right-of-way, lawfully obtained, must be surrendered in an abstract anticipation of the negligent or unlawful act of another. McCall v. Williams, Tex.Civ. App., 311 S.W.2d 743, wr. ref. n. r. e.; Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112; Firestone Tire and Rubber Co., et al. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448, n. w. h.; Miller v. Tilton, Tex.Civ.App., 289 S.W.2d 426, n. w. h.

I cannot conceive of the position taken by the other Judges. It seems that they take the position that Darlene Babb having slid the wheels of her father's car a distance of 56 feet, over all, was unquestionably driving at an excessive rate of speed. According to Blashfield's Cyclopedia of Automobile Law and Practice, and all charts, you have first got to take away from the distance of 56 feet the full length of the car. That would decrease the distance that the car actually slid by about 12 feet, with a total distance of sliding of the wheels of about 44 feet. According to this information, the greater rate of speed that Darlene Babb could have been driving would have been 20 to 25 miles per hour. That is in conjunction with her testimony. Therefore, she could not have been driving at an *excessive rate of speed.* According to Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 2, p. 226, Sec. 994, and Vol. 2, p. 233, Sec. 995, the law with reference to intersectional collisions must be based upon priority of the person who would reasonably reach the intersection first, reasonableness and lawful operation of *both vehicles.* Under the evidence in this case, Darlene Babb would have unquestionably reached the intersection first, if she had not applied her brakes to try to prevent the appellee from hitting her. He unlawfully entered Durham Street, and Darlene Babb unquestionably had the right-of-way. I cannot see where there is any evidence to support the jury's findings of contributory negligence on her part.

Darlene Babb was unable to estimate the rate of speed that the appellee was going,

but she knew that he was not going to stop. Whether or not he was driving at a reasonable rate of speed was for the jury to decide. The jury convicted him of not keeping a proper lookout, and of violating the law. The City had fixed the maximum rate of speed. Darlene Babb was driving less than that rate of speed. There is *no evidence of any excessive rate of speed whatever*. Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 1, Part 2, Secs. 732 through 734.

For the errors hereinabove pointed out, I would reverse the judgment of the trial court and render judgment for the appellants.