Rodolfo GARZA, Appellant,

v.

Dean C. ANDERSON, Appellee.

No. 284.

Court of Civil Appeals of Texas.

Corpus Christi.

June 29, 1967.

Rehearing Denied July 20, 1967.

Aloysius A. Leopold of Pena, Leopold & McDonald, Edinburg, for appellant.

Asa Bland of Atlas, Schwarz, Gurwitz & Bland, McAllen, for appellee.

## OPINION

NYE, Justice.

This is a personal injury suit brought by Rodolfo Garza as a result of an intersectional collision within the city limits of the City of McAllen, Texas. Based on a jury verdict, judgment was rendered for defendant Anderson. Plaintiff appeals. The accident giving rise to this suit occurred at approximately eleven o'clock in the morning. It was a sunshiny day and the pavement was dry. The plaintiff was proceeding north on North Tenth Street approaching Hibiscus Avenue which intersects from the west at right angle to Tenth Street. The defendant was travelling east on Hibiscus Street which dead ends into Tenth Street and is controlled by a stop sign. The defendant made a left-hand turn in front of the plaintiff, whereupon the plaintiff slammed on his brakes, skidded some distance, turned his vehicle to the right, and crossed over the caliche shoulder through the right of way and out into the field, crossing a shallow irrigation ditch, and thereafter proceeded in the field a distance and back to the edge of the road where he came to a stop. The cars did not collide. The plaintiff's car actually passed the defendant's car on the defendant's right while the plaintiff was in the field. Plaintiff did not seek any damages to his vehicle but complained of personal injuries to his back.

The jury found that the defendant failed to keep a proper lookout and failed to yield the right of way, which omissions were found to be a proximate cause of the accident. The jury further found the plaintiff guilty of contributory negligence in driving at a greater rate of speed than a person of ordinary prudence would have driven under the facts and circumstances then existing and further failing to make such application of his brakes as a person of ordinary prudence would have made under the same or similar circumstances, which acts were found to be a proximate cause of the accident.

Three of appellant's five points can be summarized as complaints that there was no evidence or insufficient evidence of plaintiff's contributory negligence and that the court erred in not entering a judgment non obstante veredicto.

In considering the "no evidence points" the record must be viewed in the light most favorably in support of the judgment of the trial court and the jury verdict. In this regard this court in considering the sufficient of the evidence (under the no evidence point) must disregard all evidence adverse to the findings of the jury and consider only the evidence favorable to such findings, indulging every legitimate conclusion which tends to uphold them. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Fisher Construction Company v. Riggs, 160 Tex. 23, 325 S.W.2d 126 (1959). The jury is not only the judge of the facts and circumstances proven, but may also draw reasonable inference and deductions from the evidence adduced before it. Its

findings may not be disregarded if the record discloses any evidence of probative value which, with inference that may be properly drawn therefrom, will reasonably support the same. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). Concerning the no evidence point, the Court of Civil Appeals is without authority. to disregard the jury's findings to special issues where there is some evidence in the record to support the findings. Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600 (1951). Insofar as there may be conflict in the testimony of the witnesses it is clear that the jury, in the exercise of its prerogative, is the sole judge of the facts proven, of the credibility of the witnesses and the weight to be given their testimony. It is well settled that any ultimate issues may be established by circumstantial as well as direct evidence. Lynch v. Ricketts, supra; English v. Miller, 43 S.W.2d 642 (Tex.Civ.App.-Amarillo 1931, wr. ref'd). With these principles of law as our basis, we review some of the evidence which is sufficient to cause the submission of the jury issues and serve as a basis for us to uphold the answers thereto.

The plaintiff testified that the defendant was approaching the intersection very slowly; that he first saw the defendant at around 150 to 200 feet away from the intersection; that when he got to within 100 feet of the intersection he applied his brakes as hard as he could; that he travelled about 60 feet after he had applied his brakes; that after he went across the shoulder and hit the irrigation ditch he testified that it seemed to him that the car was going to hit on the side and that it was going to roll over so he hit the gas pedal. He stated that he could not testify on how fast he was going because he was trying to get control of his car. He also testified that there were cars coming from the north approaching him which prevented him from passing the defendant and required him to turn to the right and go on out into the field. The defendant on the other hand testified that he saw the same cars approaching from the

north; that he turned in front of them and had no difficulty in pulling into Tenth Street in front of these cars. The defendant testified that "after getting out on Tenth Street I straightened out my car, and then I looked up to the rear view mirror and I saw this car coming at a *terrific rate of speed*. I glanced away just for a moment and adjusted myself, got the car fully straightened out, and then looked up in the mirror again and the car was gone."

"Q. Where did you next see the car (plaintiff's car)?

A. He pasesd me out in the field.

Q. And then did he pull up ahead of you?

A. Pulled up ahead of me."

(emphasis and parenthesis supplied).

■■■ Concerning the factual insufficiency of the evidence, the Court of Civil Appeals is required to consider all of the evidence in deciding this qustion. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup. 1965). We have reviewed all of the evidence in the record, including the photographs and other exhibits, and find that by balancing the substantial evidence that supports the verdict against the substantial evidence that is against the verdict we find that the greater weight and preponderance of the evidence favors the verdict of the jury. Gulf, Colorado & Santa Fe Railway Company v. Deen, 158 Tex. 466, 312 S.W.2d 933 (1958); Couch v. Hale, 404 S.W.2d 920 (Tex.Civ.App.-Corpus Christi 1966). Appellant's points 1, 3 and 4 are overruled.

Appellant's second point complains that the trial court erred in admitting testimony over objection, concerning a subsequent automobile accident in which plaintiff was involved. The defendant cross-examined the plaintiff concerning this subsequent accident that happened about twenty days after the accident that is the basis for this suit. The appellant complains that the testimony was immaterial and irrelevant and its admission was highly inflammatory,

prejudicial and destructive of plaintiff's case, leaving the obvious inference that the plaintiff was accident prone and habitually a poor driver and therefore he must have been negligent in some way in the accident made the basis of the case on trial. Citing Chuppe v. Gulf Iron Works, 306 S.W.2d 177 (Tex.Civ.App.-Eastland 1957, ref'd n. r. e.). The evidence in the Chuppe case was directly related to the habitual carelessness of the plaintiff in the performance of his work. This and other errors caused the reversal.

■■■■ Generally speaking evidence of similar accidents is inadmissible on the issue of whether the party has been negligent except where a proper predicate has been laid showing that the unrelated accident occurred at the same place or under substantially similar circumstances or by means of the same instrumentality. Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017 (1950). Here the plaintiff was complaining of an injury characterized as a sacralization of the spine. A medical report was introduced in evidence which stated:

> "I next saw Mr. Garza in July of 1965 when he was again admitted to the hospital by Dr. Guerra and myself for treatment of occurrences of the back pain following *the second injury.*" (Emphasis supplied)

Plaintiff's doctor testified that the injury that plaintiff had could have been received by driving over a one foot ditch as happened in the present case, as well as such injury could have been affected by plaintiff's car being struck in the front by another automobile. (Referring to the second accident). If the purpose of the introduction of the testimony was in connection with plaintiff's injuries or for impeachment, such was admissible. If it was admitted for the purpose of attempting to prove contributory negligence of the plaintiff, such testimony under these circumstances would be inadmissible. We hold that the evidence complained of in this record, if error, never-

theless was not sufficient to require a reversal. The trial court has some discretion in admitting such evidence and we see no abuse of such discretion. There was other evidence that the plaintiff was negligent and the inquiry about the subsequent accident was not sufficient for the jury to give controlling effect to this particular evidence in convicting plaintiff of his contributory negligence. Rule 434, Texas Rules of Civil Procedure. Appellant's second point is overruled.

■■■■ Appellant's fifth point is that the trial court erred in submitting special issues 12, 13, 14 and 15 to the jury over plaintiff's objection. We consider this point as being multifarious and too general to comply with the requirements of Rule 418, Tex.R.Civ.P. Holzapfel v. Brueggman, 404 S.W.2d 916 (Tex.Civ.App.-Corpus Christi 1966). See also this court's opinion in Kettle v. Smirich, 415 S.W.2d 935 (Tex. Civ.App.-Corpus Christi, May 1967) and the cases cited therein. However, as we gather from appellant's point he contends that there is a variance between defendant's pleading and the submission of the issue as to speed and brakes. The issue calls for an answer to the fact question as to the driving of plaintiff's vehicle at a greater rate of speed than a person of ordinary prudence would have driven under the same facts and circumstances then existing, whereas the pleading pleads simply the driving at an excessive rate of speed under the circumstances then and there existing. We see no variance. The liberal rules of pleading are designed to apprise the opposing party of the defense to be imposed and the defendant's pleading meets this test. Appellant in this multifarious point further complains of what is meant by excessive speed, contending that it imports an inference that the defendant was negligent and does not contain a proper legal definition. The issue itself contains the definition of common law negligence as it relates to speed. As such the plaintiff was under the common law duty not to drive faster than an ordinary prudent person in the exercise of ordi-

nary care would have driven under the same or similar circumstances under the facts present in this case. See Booker v. Baker concerning the issues submitted, 306 S.W.2d 767 (Tex.Civ.App.-Dallas, 1957) and Seay v. Kama, 346 S.W.2d 384 concerning excessive speed. See also Babb v. Young, 348 S.W.2d 660 (Tex.Civ.App.-Texarkana 1961); and Vardilos v. Reid, 320 S.W.2d 419 (Tex.Civ.App.-Houston 1959) Keys 5 and 6. As stated hereinabove the evidence supports the issue of excessive speed. The jury is entitled to consider all of the evidence, including the plaintiff's ability as a driver to direct the course of his vehicle, and to consider such evidence in the determination of excessive speed. We have considered appellant's point in light of authorities presented and fail to find reversible error. Appellant's fifth point is overruled.

Judgment of the trial court is affirmed.