Jack M. SPECK, Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY, Appellee.

No. 7982.

Court of Civil Appeals of Texas.

Amarillo.·

Nov. 3, 1969.

Splawn, Maner & Nelson, Lubbock, for
appellant.

McWhorter, Cobb & Johnson, Lubbock,
for appellee.

NORTHCUTT, Justice.

With respect to the matters involved in
this appeal as to Speck's claim we will use
appellant's statement of the nature of the
case.

"This cause of action was brought by the
appellant, Jack M. Speck, against the ap-
pellee, Atchison, Topeka and Santa Fe
Railway Company, for their negligence and
failure to maintain the necessary culverts
or sluices in the area in Lamb County
where Mr. Speck's home was located which
resulted in the flooding of his home and
causing him to sustain damage to his home
in Lamb County, Texas, as a result there-
of. Briefly, the evidence showed that Mr.
Jack Speck was the owner of a house and
gin five to five and one-half miles south-
east of Littlefield, in Lamb County, Texas,
at a place called Bainer Switch. On or
about June 24, 1967, there was a heavy
rain in the Lamb County area and the Lit-
tlefield area, more specially, and the rain
waters that gathered ran from Littlefield,
which would be to the northwest of the ap-
pellant's home and gin to the southeast and
through the area called Bainer Switch near
the plaintiff's property. The facts further
are that the railroad defendant and appel-
lee had constructed, many years prior to
the occasion in question, culverts to the
northwest and to the southeast of the
plaintiff's home and gin. It is further un-
contradicted that the culverts that allowed
the rain or flood waters to run into the
area near the plaintiff's home came
through a large constructed culvert to the
northwest of the plaintiff's home which
contained approximately 305 square feet of
openings and ran to the southeast to anoth-

er culvert where the water ran out, which only had approximately 94 square feet of openings for the rain waters to run through. Appellant's home was damaged as a result of the rain waters coming from the northwest and running to the southeast backing up and flooding the appellant's home. Appellant brought this lawsuit alleging that the railroad was negligent in the maintenance and construction of the culverts and sluices as the lay of the land required in this area and that because of such negligence plaintiff's home was damaged and he sought damages therefor. The defendant railroad and appellee herein, defended the lawsuit on the grounds that they were not negligent, but in fact that the plaintiff's home was built in a natural draw and that this was an unprecedented flooding, in other words, an act of God, and that the damages to the plaintiff's home was not caused by the negligent construction and maintenance of any culverts or sluices. After the plaintiff presented their evidence, the defendant made a motion for instructed verdict which was promptly overruled, and the defendant likewise made a motion for instructed verdict at the close of all evidence, which the court overruled and submitted the case to the jury on five special issues. The jury found that the defendant did fail to maintain the necessary culverts or sluices as the natural lay of the land required for the necessary draining of the area in question and that the same was negligence and that the same was a proximate cause of the flooding of the Speck house upon the occasion in question. The jury further found that the flooding of the Speck house was not due to the fact that it was built in the draw area of the original or natural channel for the flow of water, and that the rain that caused the flooding was not an unprecedented flooding and that the accumulation of the water in question was not due to a naturally low condition existing on the Speck property by reason of the natural flow of surface waters according to the lay of the land in this vicinity.

Thereafter, the jury was discharged and the defendant timely filed their motion for judgment notwithstanding the verdict and reasonable notice of such motion was served upon plaintiff, and the motion was heard in proper time and the court entered judgment for the defendant on their motion for judgment notwithstanding the verdict."

Appellant has now brought this appeal complaining of the trial court's entering judgment notwithstanding the verdict for the defendant.

The sole issue here to be determined is whether the trial court erred in refusing to enter judgment for the plaintiff and in entering judgment notwithstanding the verdict of the jury for the defendant. Rule 301, Texas Rules of Civil Procedure in stating when this might be done is as follows: "Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence." We are familiar with the rule that judgment non obstante veredicto is never warranted unless a directed verdict would have been proper. Wilderspin v. Bewley Mills, Inc., Tex.Civ.App., 298 S.W.2d 636 (n. r. e.); Hays v. Nelson, Tex.Civ.App., 400 S.W.2d 12.

Appellant's suit for damages is based upon the theory that appellee had constructed openings under its tracks to the northwest from appellant's house which were larger and permitted so much water to flow through such opening that the opening under its track to the southeast, and down stream from appellant's house, was not of sufficient size to allow the water to drain out at the same rate that it drains into the area from the drainage openings to the northwest of appellant's property, and thereby caused the water to back up into appellant's house causing the damage.

Appellant proved the openings to the northwest contain 305 square feet in area and the opening to the southeast contains 94 square feet in area. The opening to the southeast was 5,400 feet, a little over a mile down the railway track from appellant's house but still some further down the channel. It is undisputed that appellant's house was in the natural channel. The bottom of the southeast opening was 19.2 feet lower than the bottom of the channel at appellant's house. Appellant's house was located on a spot approximately eight feet higher than the base of the railway track at the southeast opening. There is no evidence in this record that the water from outlets to the southeast ever backed up to appellant's house but Mr. Brownlee, a civil engineer, testified that it was just impossible for the outlet to have caused the flooding of appellant's house. It is undisputed that the ground elevation at appellant's house is 7.95 feet higher than the top of the rail at the railway opening at the southeast of appellant's house. This alone would show the correctness of the engineer's testimony that it was impossible for the outlet to have caused the flooding of appellant's house.

It is stated in Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791 as follows:

"It was held in the case of Ft. Worth Belt Ry. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130, 1132, that 'a presumption of fact cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved. "No inference of fact should be drawn from premises which are uncertain. Facts upon which an inference may legitimately rest must be established by direct evidence, as if they were the facts in issue. One presumption cannot be based upon another presumption." 16 Cyc. 1051; Missouri Pac. Ry. Co. v. Porter, 73 Tex. [304], 307, 11 S.W. 324.' See Wells v. Texas Pacific Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660; also Texas & N. O. R. Co. v. Brannen, Tex.Com.App., 140 Tex. 52, 166 S.W. 112."

There is nothing in this record more than a surmise or suspicion that the water backed up as contended by appellant that caused his damages. The trial court should have directed a verdict for the appellee. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Waco Drug Co. v. Hensley, 34 S.W.2d 832 (Com.App.). We are of the opinion, and so hold, that there is no evidence to sustain the contention of appellant as above claimed. The judgment of the trial court is affirmed.